LANE v. PRICE.

MAY TERM,
1838.

| 5 | 101 |
| 81a | 261 |

Lane v Price.

Parol proof is not admissible to vary, add to, or contradict a witten instrument.

EDWARDS, Judge, delivered the opinion of the court.

Lane hired a negro man of Price for one year, and gave his bond for eighty dollars, the amount of the hire, and subsequently paid it without complaint.

Lane afterwards sued Price before a justice of the peace, to recover for time lost by said negro man in consequence of sickness while he was hired to said Lane. Price had judgment before the justice, and Lane appealed to the circuit court.

On the trial in the circuit court, Lane offered to prove by parol testimony, "that at the time of hiring, it was agreed that if the negro was taken sick, he was to be sent home to the defendant, and the defendant was to lose the time of such sickness; and further, to prove that said negro was sick, and had been sent home, and that by his sickness he had lost several months of his time during the year he was hired." The defendant objected to the introduction of this testimony, and the court sustained the objection. Lane suffered a non-suit, and afterwards moved the court to set it aside and to grant him a new trial; because, 1st. The court erred in refusing the plaintiff leave to introduce the proof which was offered by said plaintiff. 2d. The court erred in refusing the plaintiff leave to introduce the parol evidence as above stated. The court refused to set aside the non-suit and grant a new trial. In this the court did not err.

The bond given by Lane to Price was in these words: "On or before the twenty-fourth day of December, eighteen hundred and thirty-four, we promise to pay E. Price, or order, the just and full sum of eighty dollars, lawful money of Missouri, for the hire of a negro man by the name of Hannible, with usual clothing." Lane now attempts to prove "that at the time of 'the hiring, it was agreed that if the negro was taken sick, he was to be sent home to the defendant, and that the defendant was to lose the time of such sickness." This was an attempt to add a condition to the contract not expressed in the bond, but alleged to have been made at the time of making the bond. The condition attempted to be added, goes materially to change the effect of the bond, and is inconsistent with it. In an action on a bond, a party will not be permitted to show a condition different from

Parol proof is not admissible to vary, add to, or contradict a written instrument.

MAY TERM,
1838.

that expressed in the bond—1 Phil. Ev. 480, nor should a party be permitted to add by oral testimony a condition to a bond that has no condition. To vary, alter, add to, or contradict a written instrument, the evidence offered should be equal in dignity to that attempted to be contradicted, added to, altered, or varied. The judgment of the circuit court ought to be affirmed; and Judge TOMPKINS concurring, it is affirmed.

McGIRK, Judge, dissenting:

I am of opinion the law in this case is correctly laid down; but I am also of opinion that the law is hardly applicable to the case. I consider the evidence offered sufficient to establish a substantive and distinct contract, and in no wise enlarging the bond, but proceeding on new matter fit for the subject of a new and distinct agreement.