HENRY VAN STUDDIFORD, Trustee of PELAGIE LABARGE, Respondent, *vs.* HIRAM K. HAZLETT, Appellant.

1. *Contracts—Parol, additional to a written contract—Evidence.*—A contract was made in writing for the transportation of certain troops and officers, which did not expressly provide for their subsistence. *Held,* that a subsequent parol agreement fixing a price for such subsistence, was independent of and not inconsistent with such contract, and that evidence was admissible to prove it.

2. *Practice, civil—Trials—Re-opening of case after it has been submitted—Surprise.*—It is not error to refuse to open a case on the application of a party, after it has been submitted on the evidence. The granting of such an application would be a surprise to the other party.

*Appeal from St. Louis Circuit Court.*

*F. J. Bowman,* for Appellant.

*Rankin & Hayden,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a contract, alleged to have been made by the defendant with plaintiff, to provide subsistence for eleven U. S. Army officers during the time they were to be conveyed on plaintiff's steamboat up the Missouri river, from Omaha, Nebraska, to Fort Buford in Dacotah Territory. The defendant was a contractor under the United States Government, for the transportation of troops and supplies; and the petition alleges that he made a contract with the plaintiff for subsisting said officers during the trip, at one dollar per day for each officer, and that the trip lasted for fifty-one days, from about the 1st of May, 1870, to the 20th of June, 1870, and that plaintiff complied with the terms of the contract.

The answer denied all the material allegations of the petition.

The trial of the case was submitted to the court, both parties waiving a jury.

Upon the trial, a witness named LaBarge testified to the terms of the contract as set forth in the petition, and stated that it was a verbal contract, which had been made subsequent to a written contract made by the defendant with the plaintiff, for the transportation of the troops, and that plaintiff fully performed the contract.

The defendant then produced the contract, which reads as follows: "Contract—Rates of freight from St. Louis per 100 lbs: to Fort Rice, $1.40, to Fort Buford, $2.00; from Omaha to Fort Buford, for officers, $30.00, for soldiers, $8.00. The steamer Emilie LaBarge hereby agrees with H. K. Hazlett, to carry all the government freight, troops and Indian supplies for this trip, at the rates set forth in the above columns, and all troops or supplies taken aboard at way points for the government at the same rates *pro rata* per mile, (the government distance to be the basis of settlement) and further agrees that all troops and supplies taken on board on the return of said boat down the river, shall be carried at one-half the above named rates ; and it is further agreed that said boat shall not go above Sioux City, Iowa, drawing over three and one-half feet of water. St Louis, this fourth day of April, 1870.

"Duplicate.          Jos. LaBarge, Master,

H. K. Hazlett, Contractor."

After this contract was read in evidence, the defendant moved the court to exclude the parol evidence that had been given by the witness, LaBarge. The court overruled this motion, and defendant excepted. This was all the evidence given or offered by either party. The court took the case under advisement, and afterward, while the case was being held under advisement, the defendant moved the court to open the case and grant a re-hearing, and supported this application by an affidavit of a witness, who swore that he had been deceived as to the time when the case was set for trial, and therefore, did not attend, and also made affidavit that there was no verbal contract made, as sworn to by the witness, LaBarge; that the written contract, above referred to, was all that ever was made between the parties. This motion was overruled by the court, and the defendant excepted. The court afterwards found the issue for the plaintiff, and assessed his damages at the amount claimed in the petition.

The defendant filed a motion for a new trial, upon the ground that he was surprised by the testimony of the witness,

LaBarge, and supported this motion by affidavit. But the court overruled this motion, and the defendant excepted, and the court rendered final judgment for plaintiff, which was affirmed at General Term, and the defendant has appealed to this court.

1. The main point raised by this record is whether the parol contract for subsisting the officers was inconsistent with the written contract for the transportation of the troops. The written contract for the transportation of the troops does not provide expressly, or by implication, for their subsistence during the trip. It is true that the contract price for transporting the officers is thirty dollars each for the trip ; whereas the price for the men is eight dollars for each man. This no doubt resulted from the well known fact that the officers always occupy the cabin and state-rooms, and the men are confined to the deck, and carry their own bed-clothes.

It is not a simple case of taking passage on a boat, which always, with cabin passengers, implies board as part of the contract for passage. The troops are transported as a body, including officers and men, and there is no more reason for inferring that the officers were to be subsisted than the men. The contract, therefore, for the subsistence of the officers was independent of, and not inconsistent with, the written contract for the transportation of the troops.

2. The court did not err in refusing to re-open the case after it had been finally submitted on the evidence. To have pursued that course would have operated as a surprise on the plaintiff.

3. There was no error in refusing a new trial on the alleged ground of surprise. The evidence given by LaBarge, was precisely such as the issue required, and as ought to have been expected by the defendant. The plaintiff could only prove his case by the introduction of that sort of proof. Besides, even if there had been no contract for subsisting the officers, the plaintiff would have been entitled to a reasonable compensation for doing so, and there would have been an implied assumpsit on the part of the defendant to pay for such subsistence.

Upon the whole record, the judgment seems to be for the right party. Judgment affirmed. Judge Wagner absent; the other judges concur.