EAST, ADM'R, v. FERGUSON ET AL.

DECEDENTS' ESTATES.—*Assets.*—*Lien for Work Done, and Money Advanced.*— Where a party agrees to pack hogs with a pork packer, who is to charge him the regular rates for packing, and agrees to pay ten per cent. interest on all moneys " advanced on the hogs packed," and controls the sale of the same after being packed, and such party dies before disposal of the same, the hogs so packed constitute assets of his estate; and the packer may have a lien on the pork so packed for his charges in slaughtering and packing the pork and manufacturing the lard, but no lien for money advanced on the hogs packed.

SAME.— *Waiver.*—*Negotiable Promissory Note.*—*Payment of Charges.*—*Pleading.*—Where a party has a right to a lien on property for work done upon the same, and takes a note payable in bank in settlement of his charges, he thereby waives his lien; but, in pleading such waiver, it must be alleged that the note was so taken in payment.

SAME.—*Settlement of Decedent's Estate.*—*Allowance of Claim in Full.*—*Mutual Mistake as to Solvency of Estate.*—*Relief.*—Where a settlement is had

with a creditor of an estate, and his claim is allowed in full upon a mutual mistake that the estate is solvent, and the claim of the creditor is not a preferred claim, this constitutes a mistake which will be relieved against.

From the Marion Circuit Court.

*D. V. Burns* and *H. Burns*, for appellant.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes*, for appellees.

BIDDLE, C. J.—The complaint of the appellant, against the appellees, states the following facts:

That Thomas P. East died on the 14th day of May, 1872, and the said Hughes East was duly appointed the administrator of his estate; that the decedent made the following contract with the appellees:

"INDIANAPOLIS, October 10th, 1871.

"I have this day agreed to pack five hundred (500) hogs with J. C. Ferguson & Co., at their pork house at Indianapolis, Ind.; J. C. Ferguson & Co. to charge the regular charges for packing; T. P. East to pay ten per cent. for all money advanced on the hogs packed.

(Signed,)                    " T. P. EAST."

That, in pursuance of said contract, Thomas P. East delivered to J. C. Ferguson & Co., during the Winter of 1871 and 1872, five hundred fatted hogs to be slaughtered and packed, and which were so slaughtered and packed, at said pork house; that, on the 9th day of December, 1871, Thomas P. East was indebted to the defendants in the sum of five thousand dollars for money paid and advanced to said T. P. East, under said contract; and on said day said East executed a promissory note to Joseph Lyons for four thousand dollars, negotiable and payable at the Indiana National Bank of Indianapolis at ninety days after date, which note was endorsed by said Lyons and Hughes East, and delivered to the defendants as security for the moneys they had so advanced; that, at the maturity of said note, March 9th, 1872, it was taken up by another note made by T. P. East, Hughes East and

Joseph Lyons to Ferguson & Co. for four thousand dollars,. payable sixty-two days after date, and negotiable at the Indiana National Bank at Indianapolis. At the maturity of the last mentioned note, May 13th, 1872, T. P. East took it up by the payment of six hundred dollars, and the delivery of another note, made by T. P. East, Hughes East and Joseph Lyons, for thirty-four hundred dollars,. negotiable and payable at the Indiana National Bank of Indianapolis, at sixty days after date; that, during the time of the execution of the said several notes, the defendants had in their possession, in their pork house, the meat, pork and lard made of the hogs so furnished by T. P. East, and so slaughtered and packed by the defendants; that said meat, pork and lard remained in the possession of the defendants until the 25th day of July,. 1872, when the same was, by the consent and direction of the plaintiff, sold by the defendants for the sum of sixteen thousand four hundred and eighteen dollars, which money was received by the defendants; that the decedent became and was indebted to the defendants in the sum of sixteen thousand one hundred and thirty-two dollars and fifty-four cents, on account of money advanced by the defendants on said hogs, meat and lard, and the interest thereon and charges for slaughtering said hogs, packing said pork, and manufacturing said lard; that, on the 31st day of July, 1872, the plaintiff and defendants made a settlement, and adjusted said accounts existing between said estate and defendants, and the defendants paid to the plaintiff the sum of two hundred and eighty-five dollars and sixty-two cents, which was supposed by the parties to be the full amount due to said estate from the defendants; that, at the time of said settlement, it was supposed and believed by the plaintiff and the defendants, that the estate of Thomas P. East was and would be solvent, and that the assets would discharge all demands against it; but that it has since been ascertained that said estate is wholly insolvent, and that the assets

are sufficient to pay only twenty-two cents on the dollar of the indebtedness against the same; that said defendants are liable, by reason of the premises, to pay the plaintiff the original amount due the decedent's estate, and should be required to file their debt against said estate, and share *pro rata* therein, as other creditors; that, if the defendants ever had any lien on said meat and lard for slaughtering the hogs, packing the pork and manufacturing the lard, they waived the same by accepting the promissory notes with security thereon, as above alleged. Wherefore, etc.

The appellees demurred to the complaint, for that it does not state facts sufficient to constitute a cause of action.   The demurrer was sustained; judgment on demurrer.   Appeal.

Sustaining the demurrer to the complaint presents the only question in the case.

According to the facts alleged in the complaint, the pork and lard in the hands of Ferguson & Co. were the property of Thomas P. East before and at the time of his death, and upon his death became assets belonging to his estate.   Ferguson & Co. would have a lien on the pork for their charges in slaughtering the hogs, packing the pork, and manufacturing the lard (*Hanna* v. *Phelps*, 7 Ind. 21), but they have no lien upon the pork and lard for money advanced under their contract with Thomas P. East.   Taking the notes set out in the complaint by Ferguson & Co., with surety upon them, if they were received as payment of the charges for slaughtering the hogs, packing the pork, and manufacturing the lard, would be a waiver of their lien; but there is no averment in the complaint to inform us whether the notes were taken as payment on that part of the debt for which they held a lien, or on that part of it which was for advances made under the contract.   It is impossible, therefore, for us to decide whether taking the notes with security by Ferguson & Co. waived their lien or not.   As the com-

plaint does not show that the debt due from the estate of Thomas P. East to Ferguson & Co. was a preferred claim, and does show that the claim has been allowed in full, it follows that the settlement made between Ferguson & Co. and the administrator, as alleged, under the mutual mistake that the estate was solvent, was erroneous. Ferguson & Co. may show in their defence, that they had a lien upon the pork and lard at the time Thomas P. East died, or show in any manner they can that their debt against his estate was a preferred claim, but there is sufficient in the complaint to put them upon their answer. It was therefore erroneous to sustain a demurrer to the complaint.

The judgment is reversed, at the costs of the appellee, and the cause remanded with instructions to overrule the demurrer to the complaint, and for further proceedings.