PEARSON v. CARSON, *Appellant.*

**Parol Evidence** will not be received for the purpose of engrafting additional stipulations upon a written contract which is complete in itself.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

*W. O. Forrist* and *Kennan & McIntyre* for appellant.

*S. M. Edwards* and *Macfarlane & Trimble* for respondent.

NAPTON, J.—This action was on the following contract: "J.W. Carson has rented of R.W. Pearson 160 acres of pasture land, on the Pearson farm, for the sum of $95—one-half to be paid on the 15th day of August, 1875, the balance to be paid on the 1st day of November, 1875. Said Pearson acknowledges the receipt of $10 on the payment.

(Signed)                 J. W. CARSON,

                         R. W. PEARSON."

As a defense to this action, which was for the last installment, which had not been paid, the defendant proposed to prove that he was the owner of a lot of Texas

cattle, and rented this pasture to feed them during the grazing season; that plaintiff agreed to keep up and maintain the fence around the pasture, and to look after said cattle; that said lands were not fenced as represented, and the fences were not kept up, except for about four weeks, and his cattle strayed away, and he was unable to keep them in said pasture. The court refused to allow this evidence, and we think it was rightly excluded. In effect, the evidence would engraft on the written contract two very material additions to it, and impose on the owner two obligations which the contract does not impose, to-wit: To keep the fences in repair and look after the cattle. The cases of *Van Studdiford v. Hazlett*, 56 Mo. 322, and *Life Association of America v. Cravens*, 60 Mo. 388, are unlike the present, and so are the cases of *Moss v. Green*, 41 Mo. 390, and *Rollins v. Claybrook*, 22 Mo. 405.

The written contract in the present case is complete, and to introduce the provisions proposed, relating, as they do, to the same subject matter, would add to and vary the written agreement. In *Smith v. Williams*, 1 Murphy 430 Judge Taylor observes: "The first reflection that occurs to the mind, upon the statement of the question, independent of any technical rules, is that the parties, by making a written memorial of their transaction, have impliedly agreed that, in the event of any future misunderstanding, that writing shall be referred to as the proof of their act and intention; that such obligations, as arise from the paper by just construction or legal intendment, shall be valid and compulsory on them, but that they will not subject themselves to any stipulations beyond the contract, because if they meant to be bound by any such, they might have added them to the writing, and thus have given them a clearness, a force and a direction, which they could not have by being trusted to the memory of a witness." This remark of Judge Taylor, clear and explicit as it is, might have been written as entirely applicable to the case we now have under consideration. The plaintiff and defendant

both went to the farm of plaintiff, and examined the pasture; they returned to Mexico, twelve miles off, and defendant himself there wrote this contract. Nothing is said in it about keeping up the fences by plaintiff, or about his duty to look after the stock. Whether the plaintiff would have let his pasture for $95, with these material additional burthens on him, we are left to conjecture, and must rely on the verbal statement of either the defendant or the plaintiff, and, as Judge Taylor well says, the object of the paper writing was, in case of subsequent misunderstanding, that it alone should show what their acts and intentions were. In *Lane v. Price*, 5 Mo. 101, the precise question was decided by this court. Judge McGirk, in that case, conceded the correctness of the general principles on which the case was decided, but denied their applicability to the facts of that case, on the ground that the parol contract was a substantive and distinct one, no wise changing or enlarging the written contract. In this case, it is clear that the parol evidence offered makes a material addition to the written contract. It requires the owner of the pasture to keep up the fences, and to look after the stock; both of these requirements recognizing a lease, but a lease upon terms nowhere indicated in the written contract, and materially adding to it. It is not pretended that any fraud was practiced by the proprietor, the plaintiff, since the defendant visited the farm, and could see for himself the condition of the fences, as well as the plaintiff, and he drew up the contract himself, and seemed to think that any obligation of plaintiff on that subject was unnecessary. At all events he made none in the contract as he wrote it, and we must assume that this embraced all he intended and desired. Judgment affirmed. The other judges concur.

AFFIRMED.