GEORGE W. MONTIETH, Respondent, *v.* GREAT WESTERN PRINTING COMPANY, Appellant.

### February 10, 1885.

1. LIENS — WAIVER. — An expressly reserved lien on personalty is not impliedly waived by the giving of credit or the taking of other security.

2. —— TENDER — REPLEVIN. — A bailor can not take property upon which the bailee has a lien, without tendering the amount due although the bailee has demanded an excessive amount.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

LEONARD WILCOX, for the appellant: The defendant was entitled to the possession of the property sued for, when suit was brought, by virtue of an express contract to that effect. — Wells on Replevin, sects. 39, 121, 122, 688; 2 Greenl. on Ev., sect. 640; *Rich* v. *Ryder*, 105 Mass. 306, 310; *Dilworth* v. *McKelvy*, 30 Mo. 154; *Boutelle* v. *Warne*, 62 Mo. 353; Story on Bail., sects. 303, 422; *Hazard* v. *Hall*, 5 Mo. App. 584; 2 Pars. on Con. (7th ed.) 679, 530, 531; *Selby* v. *Hutchison*, 9 Ill. 332; *Loudon* v. *Taxing District*, 104 U. S. 771; *United States* v. *Behan*, 110 *Id.* 345. The existence of an express and valid agreement for a lien on the property in dispute is established by uncontradicted evidence and is admitted by the pleadings. — Overton on Liens, p. 5, sect. 7; 1 Pars. on Con. (7th ed.) 476; *Bunce* v. *Beck*, 43 Mo. 280; *Lindley* v. *Lacey*, 17 C. B. (N. S.) 587; *Thurston* v. *Thornton*, 1 Cush. 89. Defendant was entitled to a lien at common law on the time-table pages for the cost of setting up the type in such permanent form. — *Faulkner* v. *Harding*, 9 Mo. App. 12; Overton on Liens, 13, 14; *Scarfe* v. *Morgan*, 17 C. B. 281. Giving credit or taking collateral security is not conclusive evidence of the waiver of a lien; it is competent to show the intent of the parties. — *Pratt* v. *Eaton*, 65 Mo.

157, 161, 165; *Cordova* v. *Hood*, 17 Wall. 1, 5, 7; 4 Waits' Act. & Def. 323, 324.

COLLINS & JAMISON, for the respondent : If any lien existed it was waived by defendant requiring plaintiff to furnish a written guaranty of payment of the bill, the security being payable at a distant day. — *Hewison* v. *Guthrie*, 2 Bing. (N. C.) 759. So also such lien, if any existed, was waived by the credit given. — *Hutchins* v. *Olcutt*, 4 Vt. 549 ; *Trust* v. *Pirson*, 1 Hilt. ·292 ; *Chase* v. *Westmore*, 5 M. & S. 180.

ROMBAUER, J., delivered the opinion of court.

On the trial of this cause, the court instructed the jury to find a verdict for the plaintiff, which they did, and judgment was rendered accordingly.

It is an action of claim and delivery under the statute, and the general property in the articles sued for was admitted to be in the plaintiff. Unless we find, that the defendant has offered legal evidence of a right to the possession of the property at the date of the institution of the suit, the judgment of the trial court must stand.

The defendant's claim of such right of possession was threefold. It claimed to have a lien on the property by special contract, it claimed an artisan's lien by the common law, and it claimed the right of possession under a continuing contract for the performance of which it had been intrusted with the possession of the property by plaintiff.

The action of the trial court relieves us from considering· any other question, except the one whether defendant has offered legal testimony to substantiate any of its three claims, as the weight of the testimony under the rule established in this state was a question exclusively for the jury, in the first instance.

It appeared in evidence that defendant had agreed by written contract, for a compensation specified in detail, to print for plaintiff a periodical known as the *Western Travelers' Guide*. The plaintiff was to furnish, all outside page

rules, and all the materials necessary to set up the railroad time tables. Standing matter was to be set up by defendant with its own materials, and the plaintiff was to have the right to have any standing matter electrotyped at any time at his own expense. Plaintiff was to make full payment of all bills within ten days after the first day of the month following that on which was made the delivery of the work for which said bill was incurred, so that work delivered in April, 1883, was to be paid for by the 10th of May, and so on, and written guarantee of payment satisfactory to defendant's manager was to be given by plaintiff, and was to be kept in force.

There was no lien on the material reserved in the written contract. Testimony was offered, however, of an oral contract, between the plaintiff and the defendant, to the effect that the defendant should have a lien on the material for its work. This evidence was competent, and was not even objected to. *Laudman* v. *Ingram*, 49 Mo. 214; *Van Studdiford* v. *Hazlet*, 56 Mo. 324; *Life Association* v. *Cravens*, 60 Mo. 390. There was evidence tending to show that this right of lien was reserved by defendant both before and after the execution of the written agreement, and even at the time when the guaranty therein provided for had been given. That a lien thus reserved expressly, was not impliedly waived by the giving of credit or security, and that the court could not as a matter of law declare that it was so waived, necessarily follows from the elementary proposition, that the proof of certain facts, negatives presumptions diametrically opposed to the facts proved. In *Hewison* v. *Guthrie* (2 Bing. (N. C.) 759), and *Hutchins* v. *Olcutt* (4 Vt. 549), relied on by plaintiff in this case, no facts were shown to negative the implied waiver. It is always competent to show by other facts that no waiver of this lien was intended. *Pratt* v. *Eaton*, 65 Mo. 165.

There was evidence which tended to show that defendant had a lien both by agreement and at common law (Over-

ton on Liens, sects. 7, 44 ; 2 Kent Com. 637), and we are at a loss to determine from the evidence, as a matter of law, that it lost such lien.   There was some controversy in the testimony concerning the demand made by defendant on plaintiff for the bill of the first month, and whether that demand was premature or not, or whether the bill presented was excessive or not.   Whether the demand was premature was a question for the jury, but the mere fact that it was either premature or excessive, did not avoid defendant's lien for the amount justly chargeable to the plaintiff.   If plaintiff desired to terminate the lien, all he had to do was to tender the amount which was justly due.   *Scarfe* v. *Morgan*, 4 Mee. & W. 270.   There is no pretence that he ever did this, on the contrary it stands conceded by the testimony, that he has paid nothing, and tendered nothing to defendant up to the present date, but has availed himself of defendant's work in subsequent editions of the *Travelers' Guide.*

There was also some evidence tending to show that plaintiff had been guilty of a breach of the contract, and some evidence which plaintiff claims conclusively establishes the fact that defendant was guilty of a subsequent breach of the contract by refusing him permission to electrotype standing matter at his own expense.   But the breach, even if conceded, was not of a character to entitle the plaintiff to rescind the contract as a matter of law ( *Selby* v. *Hutchison*, 9 Ill. 332) ; nor to retake the property by legal process, freed from defendant's lien, as a matter of law.

Under the equitable rule established in *Dilworth* v. *McKelvy*, in this state, all that the general owner has to do to retake his property from any one claiming a lien thereon, is to tender the amount justly due to the lienee.   There was evidence in this case that the defendant had a lien on the property at the time when it was taken by the writ sued out by plaintiff, there is no evidence that any amount was ever tendered.

Being of opinion that the court erred in taking the case of defendant from the jury, and that law and justice alike demand that defendant's claim be submitted to the triers of the fact, the judgment of the court is reversed and the cause remanded, to be proceeded with in conformity with this opinion. All the judges concur.