JAMES K. JOSLYN, Plaintiff and Respondent, *v.* THOMAS J. SMITH, *et al.*, Defendants; EDWARD J. MCMAHON and PETER S. MCKAY, Defendants and Appellants.

### Foreclosure of Seed Lien—Waiver of Right—Findings.

1. In an action to foreclose the seed lien given by our statute it is not necessary to allege in the complaint that the seed was sold to be sown on any particular tract of land. It is enough on this point if the complaint shows that the seed was sown on land " owned, used, occupied or rented " by the purchaser.

2. A judgment will not be reversed by reason of the failure of the trial court to make a finding upon a particular point in a case where the result could not have been different if the court had found the fact exactly as alleged by such party.

3. A party does not waive his right to a statutory lien by taking other security for the debt, unless the security taken or credit extended is such as to evidence an intent to waive the lien and rely exclusively on the security given.

(Opinion filed June 30, 1891.)

*A*PPEAL from District Court, Steele County. Hon. WILLIAM B. MCCONNELL, Judge.

*E. J. & J. P. McMahon* and *J. E. Robinson* for appellants. *C. J. Paul,* (*Stone, Newman & Resser,* of counsel,) for respondent.

Action in equity to foreclose a seed lien. Parties defendant were prior mortgagees. Judgment for plaintiff. Defendants appeal. Affirmed.

E. J. & J. P. McMahon and J. E. Robinson, for appellants, cited no authorities in their brief.

C. J. Paul, (Stone, Newman & Resser, of counsel,) for respondent:

The only question that arises is, does the complaint state facts constituting a cause of action; does it justify the findings of fact and do the findings sustain the judgment? The attempted exceptions to the findings do not warrant a review of the facts. They are not sufficiently specific for consideration.

Gilman v. Thiess, 18 Wis. 554; Taft v. Kessel, 16 Wis. 274; Smith v. Coolbaugh, 21 Wis. 428; Paggeot v. Sixton, 23 Wis. 195; Thomas v. Mitchell, 27 Wis. 414; Newell v. Doty, 33 N. Y. 83; Stone v. Trans. Co., 38 N. Y. 242; Wheeler v. Billings, 38 N. Y. 263; Goodrich v. Thompson, 44 N. Y. 335; Ward v. Craig, 87 N. Y. 557; McCormick v. Phillips, 34 N. W. Rep. 62; Galloway v. McLean, 2 Dak. 372; Hicks v. Coleman, 25 Cal. 122; Sill v. Reese, 47 Cal. 348.    The alleged error that "the findings do not cover and pass on all the material issues in the case" is untenable.    No requests were made by appellant for findings in the court below, and of course no exceptions taken to a refusal to find, and the objection, if it exists, can not now be raised. Hurlbut v. Jones, 25 Cal. 226; Calderwood v. Brook, 28 Cal. 151; Hidden v. Jordan, 28 Cal. 302; Lucas v. San Francisco, 28 Cal. 591; Pralus v. Jefferson Co., 34 Cal. 558; Hathaway v. Ryan, 35 Cal. 188; Merrill v. Chapman, 34 Cal. 251.

The opinion of the court was delivered by

BARTHOLOMEW, J.   This was an action in equity to foreclose what is known under our statute as a "seed lien."   The parties defending were prior mortgagees.   The findings and conclusions of the trial court were in plaintiff's favor, and judgment accordingly, and defendants appeal.   Of the errors assigned three only are noticed in appellant's brief.   It is claimed that the complaint fails to state a cause of action, because it does not state that the seed grain was sold by plaintiff to be sown upon any particular land.   As was said by this court in Lavin v. Bradley, 1 N. D. 291; 47 N. W. Rep. 384, this seed lien is entirely a creature of the statute, and can be acquired only by strict compliance therewith.   But nothing further is required.   When the conditions of the statute are met, the lien is perfect; and the statute does not require that the seed grain should be purchased to be sown on any particular tract of land.   In this respect it differs from the lien of the mechanic or material man, and the reason for such difference is clear.   The material man is given a lien upon the realty on the theory that he parts with his material with the understanding that it will be used in making improvements upon, and thus augmenting the value of, certain

specified realty. But the seed grain man is given a lien only upon the crop raised from the seed sold. It is entirely immaterial upon what land it may be grown. It is true that it must be upon land "owned, used, occupied, or rented." by the purchaser of the seed; in other words, the purchaser must be interested in having a crop raised from the seed. Without this limitation, the law might be made the instrument of injustice. If A. should enter into a contract with B., by the terms of which B. agreed for a stated compensation to furnish the seed and seed a certain tract of land belonging to A., and B. should purchase the seed, on credit, from C., and seed the land, and receive his compensation, it would be most unjust to permit C. to file a lien on A.'s crop to secure the debt due from B. to C. It is next urged that the court did not pass upon the lien asserted by appellants under a prior mortgage. It is true the court made no findings as to the execution of such mortgage, or as to its non-payment. No such findings were asked, nor can their absence in any manner prejudice appellants. The seed lien statute declares the lien therein provided for to be superior to the lien of any chattel mortgage on the crop, executed after the passage of the act. The answer shows appellant's mortgage to have been executed after the passage of that act. Had the court specifically found that appellant's mortgage was executed as alleged in the answer, and that it was entirely unpaid, yet under the findings respecting the seed lien, the conclusion of the court that plaintiff's seed lien was superior to the lien of appellants' mortgage would have been inevitable. There is no error there of which appellants can complain. It is alleged in the answer, and plaintiff's testimony shows, that at the time he sold the seed grain he took a note from the purchaser for the amount, secured by a chattel mortgage on all the crops grown upon the land where this crop was grown during that year and the succeeding year. The mortgage contained the following: "It is hereby agreed that James K. Joslyn, by taking this mortgage and note, waives no right to a seed lien for the amount thereof." The court made no finding as to such mortgage, apparently on the theory that it was entirely immaterial, or not in issue. Appellants insist, however, that it is material, and that a party

who takes mortgage security for a debt thereby waives the benefit of any statutory lien to which he might otherwise be entitled. It has sometimes been so held, but only when the security taken, or length of time given for payment, was entirely inconsistent with the idea of relying upon or enforcing a lien, and manifested an intent to waive it. The question of waiver is a question of intent; and, where the law raises a presumption of waiver from the act of the party in taking security, such presumption may be overcome by evidence *aliunde.* Pratt v. Eaton, 65 Mo. 165; Clark v. Moore, 64 Ill. 274; Gilcrest v. Gottschalk, 39 Iowa 311; Monteith v. Printing Co., 16 Mo. App. 450; Peck v. Bridwell, 10 Mo. App. 524. But in this case all presumptions of intent to waive the lien are refuted by the express agreement of the parties that the plaintiff waived no right to a lien by taking the note and mortgage. Nor is there any allegation in the answer, or claim in the evidence, that the mortgage was taken in lieu of the lien, or that there was any intent to waive the lien. Without an allegation of this kind there was no issue in the point for the court to pass upon. See East v. Ferguson, 59 Ind. 169. The findings are attacked in the assignment of errors as not being sustained by the evidence. The point is not urged in this court, but we have examined the evidence, which is brief and uncontradicted, and it fairly supports all the findings. The judgment of the district court must be affirmed. All concur.