Cody v. Vaughan.

EDWARD CODY, Appellant, v. JAMES R. VAUGHAN, Respondent.

St. Louis Court of Appeals, February 14, 1893.

1. **Assignment**: REJECTION OF CLAIM BY ASSIGNEE: RES ADJUDICATA. When a claim is presented for allowance to the assignee under a voluntary assignment for the benefit of creditors, and is rejected by him on the ground that it is less than the demands of the assignor offsetting it, such rejection constitutes a judgment, and, in the absence of an appeal therefrom, is conclusive between the parties.

2. ——: ARTIFICER'S LIEN, ASSIGNABILITY OF. An artificer's lien for work on a chattel is not assignable, it being dependent upon the possession of the chattel, which the artificer has no right to transfer. But this rule is not applicable to the assignee under a voluntary assignment for the benefit of creditors, and, accordingly, such lien will pass to him under a general assignment.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*E. C. O'Day* and *Heffernan & Buckley*, for appellant.

(1) The testimony shows that the repairs on the boiler in controversy were to be charged into the general account of Cunningham & Murphy against Cody & Filley, and to be paid for either in work done by Cody & Filley, or one of them, or on settlement at .some future day, in cash. Under such a state of facts

no lien could exist. *Tucker v. Taylor*, 53 Ind. 95; 3 Parsons on Contracts, p. 248, note *w;* 2 Chitty on Contracts [11 Am. Ed.] p. 802; 4 Wait's Actions & Defenses, p. 334. (2) An artisan's lien is a personal privilege, not assignable, nor subject to sale, attachment or execution. If Cunningham & Murphy ever had a lien upon the boiler in question, it ceased and determined when they made the assignment. *Lovett v. Brown*, 40 N. H. 511; *Holly v. Huggeford*, 8 Pick. 76; 1 Jones on Liens, ch. 20, p. 983; 4 Wait's Actions & Defenses, p. 334. The deed of assignment purports to convey an absolute title to the boiler to respondent. He claimed to hold it absolutely as assignee, and cannot now assert a different title. (3) The uncontradicted evidence is that Cody was the owner of the boiler, and that the $75 for drawing plans and specifications was due plaintiff individually. After deducting the amount claimed for repairs on the boiler, there was a balance due Cody; hence, there could be no lien upon the boiler. The investigations by the assignee into the condition of the accounts between Cunningham & Murphy and Cody & Filley could not affect the rights of Cody in this case. If Cody's claim was improperly included in the account of Cody & Filley, Cody is not thereby estopped to assert it in this case. The entire claim of Cody & Filley was disallowed by the assignee.

*Chas. A. Cox* and *Jas. R. Vaughan*, for respondent.

(1) A waiver is an intentional relinquishment of a known right, and there must be both the existence of a right, and full knowledge thereof and an intention to relinquish it, before there can be a waiver. Herman on Estoppel & Res Judicata, sec. 825; Anderson's Law Dictionary, p. 1097, and note; *Dyas v. Hanson*, 14 Mo. App. 375; Jones on Liens, secs. 1015, 1016; *Falkner v.*

*Hardin*, 9 Mo. App. 12; *Lee v. Hassett*, 39 Mo. App. 67; *Monteith v. Printing Co.*, 16 Mo. App. 450, 452; *Pratt v. Eaton*, 65 Mo. 165; *Okey v. Ins. Co.*, 29 Mo. App. 105; Jones on Liens, sec. 999.   (2)  An assignment for the benefit of creditors embraces any description of property which in any way or under any law is assignable, and, in this case, it conveyed the artificer's lien in question herein.   Burrell on Assignment, sec. 100; *Fisher v. Johnson*, 5 Ind. 492; *Bank v. Scloth*, 59 Iowa, 316; Jones on Liens, sec. 984; *Snyder v. Railroad*, 86 Mo. 613; *Chouteau v. Boughton*, 100 Mo. 400; *Jones v. Hurst*, 67 Mo. 568; *Page v. Gardner*, 20 Mo. 507; 18 American & English Encyclopedia of Law, p. 661, and notes; *Curtis v. Leavitt*, 15 N. Y. 9. (3)   The claim of $75 was, as shown by the account in favor of Cody & Filley and other evidence, presented in their favor and allowed, but as the aggregate of their account was less than the set-off in favor of the estate in the assignee's hands, it was necessarily all disallowed as a claim, and, hence, the $75 claim was barred under the doctrines of estoppel and *res judicata*.

ROMBAUER, P. J.—This is an action of replevin, by which the plaintiff seeks to recover from the defendant one steam boiler and its appurtenances.   The defendant is the statutory assignee of Cunningham & Murphy, and filed two answers in the case.   By the first answer he claims to be owner of the property as assignee of Cunningham & Murphy under the general assignment statute.   By his amended answer he says that the boiler was delivered by the plaintiff to his assignors to be repaired under a contract by which they were authorized to repair the same and sell it, deducting from the proceeds of sale the cost of repairs, and accounting for the residue to the plaintiff; that under this arrangement his assignors did expend $50,

in work on said boiler, for which they had an artisan's lien, subsisting at the date of the assignment, and the defendant now holds the property by virtue of said lien.

The plaintiff did not object to the filing of this amended answer, but replied thereto and stated in his reply the following facts, in substance: He and one Filley were, at the date of the transactions mentioned in the answer, in partnership as contractors and builders under the firm name of Cody & Filley. The firm had a running account with Cunningham & Murphy, which account contained mutual credits; and, when said boiler was delivered to Cunningham & Murphy for repairs, it was agreed between all the parties that the latter should not be paid anything for such repairs, unless their claims on running account should exceed in amount the claims which Cody & Filley, as a firm, and each member thereof individually had against Cunningham & Murphy. The reply then proceeded to state that a settlement of such mutual accounts left the firm of Cunningham & Murphy at the date of the assignment indebted to the plaintiff in the sum of *$75, which claim had been allowed by the assignee of Cunningham & Murphy in plaintiff's favor*, and that, therefore, the pretended lien claimed by the assignee was false and fictitious, and was paid and discharged long before the assignment to the defendant.

The cause was tried by the court without a jury. The court found that the property was worth $300, and that the defendant as assignee had a lien thereon to the extent of $34.20. The court, therefore, ordered that the plaintiff pay to the defendant the sum of $34.20 and costs, or in default of his doing so return the property to the defendant. The errors assigned are that the court tried the cause on an erroneous view of the law, as shown by its instructions, and that

under the conceded facts the judgment in favor of plaintiff for the property should have been unconditional.

The testimony tended to show the following facts: The boiler in question belonged to the plaintiff, and was delivered to Cunningham & Murphy, who are machinists, under the agreement stated in the amended answer. If this fact be true, and there is no substantial evidence to the contrary, they had a double lien on the boiler, first as artificers at common law, and next by special contract. *Monteith v. Printing Co.*, 16 Mo. App. 450. This lien was never waived, because the mere fact that it might be waived by the fact, that the balance on general account between them and Cody & Filley was against them, did not operate as a waiver, unless such balance was] shown to have been against Cunningham & Murphy at the date of the assignment. But it is shown by conclusive evidence that the general balance at the date of the assignment was in favor of Cunningham & Murphy. Cody & Filley presented all their claims, including the claim for $75 which the plaintiff now claims as his individual property, to the defendant assignee for allowance, and the defendant rejected them on the ground that the valid and subsisting claims of Cunningham & Murphy against Cody & Filley exceeded in amount the claims of the latter against the former. This finding was a judgment, and, being unappealed from, concludes the plaintiff as to any claim against the assigned estate arising from a general balance in favor of his firm or himself. Revised Statutes, 1889, sec. 446; *Eppright v. Kauffman*, 90 Mo. 25; *Nanson v. Jacob*, 93 Mo. 331, 334; *Board of Public Schools v. Estate of Bank*, 12 Mo. App. 104; s. c., 84 Mo. 56. There being no such balance, there was nothing to operate as a waiver of the defendant's lien.

Plaintiff contends that the court erred in holding that the defendant as assignee could assert either an artificer's lien or a lien by contract which his assignors had. We might dispose of this 'objection by stating that the pleadings raised no such issue, and that the defendant's evidence in support of his lien was admitted without objection, and that a party will not be permitted to try his case on one theory in the trial court, and on another theory on appeal. *Trigg v. Taylor*, 27 Mo. 245; *Walker v. Owen*, 79 Mo. 563; *Nance v. Metcalf*, 19 Mo. App. 186.

We are prepared, however, to dispose of the objection on a broader ground. It is true that artificers' liens are not assignable, because they are personal rights dependent upon the possession of the chattel. As the artificer has no right to *assign* the chattel, because he has only a right to *retain* the same, and as, independent of the possession of the chattel, the lien has no existence, a valid assignment of such lien becomes impossible. But a general assignee under the statute occupies a different position. By the act of assignment he becomes at once possessed of all the rights his assignors possessed, whether mere possessory rights or other. He is a general trustee, as any other personal representative, and it is not only his right but his duty to realize upon all such rights and enforce them. *Eppright v. Nickerson*, 78 Mo. 482, 490; *Shockley v. Fisher*, 75 Mo. 498, 502. An assignee under the statute occupies in that regard the same position as his assignor did.

There is no controversy on the evidence touching the fact, that the firm of Cunningham & Murphy had at the date of the assignment to the defendant a lien to the extent of $34.20 for work done on the boiler. The assignee's judgment precludes the plaintiff from asserting that this lien was extinguished

by a balance against them on general account. It results from this that the judgment of the court was correct on uncontroverted facts, regardless of any view of the law taken by the court, and must be affirmed.

All the judges concurring, the judgment is affirmed.