## NADDY v. DIETZE *et al.*

1. Where the trial court in an action to quiet title found that plaintiff was not the owner or entitled to the possession of the property, and an appeal was taken merely from the judgment, without exceptions to the findings or motion for a new trial, plaintiff could not object that the findings were incomplete, because not stating the specific evidentiary facts; there being nothing in the record to indicate that any proof of such facts was given.

2. In an action to quiet title, where the complaint merely alleged generally that plaintiff was the owner and entitled to possession of the property, a finding that plaintiff was not the owner or entitled to possession was sufficient, without a finding of the specific facts on which the plaintiff relied.

3. Findings of fact cannot be objected to on appeal, for insufficiency, where no request for further findings was made at the trial.

4. Where defendant in an action to quiet title alleged that plaintiff had abandoned the property, and the court found generally that plaintiff had no title or right to possession, a finding on the question of abandonment could not have benefitted plaintiff, and hence a failure to find on that issue was not prejudical error.

(Opinion filed June 12, 1901.)

Appeal form circuit court Lawrence county. HON. JOSEPH B. MOORE, Judge.

Action by William Naddy against Gottfreid Dietze and others to quiet title to certain mining property. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Charles E. Davis* and *McLaughlin & McLaughlin,* for appellant. *Moody, Kellar & Moody,* for respondents.

CORSON, J.   This is an action to quiet title to certain mining property.  Findings and judgment for the defendants, and the plaintiff appeals.  The pleadings may be briefly stated as follows: The plaintiff alleged that he was the owner of, in the possession of, and entitled to the possession of, the Gold Run lode and the Gold Run Fraction lode;  that the defendants claimed some interest in said lodes by virtue of the pretended location called "Peacemaker Fraction Lode" which was adverse to plaintiff and unfounded, and embarrassed plaintiff in the disposition of his property.  The causes of action as to the Gold Run lode and Gold Run Fraction lode were stated separately.  For a third cause of action, the plaintiff, to obtain equitable relief, set up facts which would entitle him to an injunction.  The defendants, for answer to the complaint of plaintiff, denied each and every allegation, except as thereinafter admitted, and specifically denied that plaintiff was the owner, in possession or entitled to the possession of the premises described in the several paragraphs of the complaint, and alleged that, if such mining lodes or locations ever existed, they had been abandoned long prior to any rights acquired by the defendants, and had become part of the public domain, subject to location under the mining laws of the United States.  The defendants admitted that they claimed an estate, right, title or interest within the limits of said claims by virtue of a certain location called the "Peacemaker Fraction Lode," and admitted that said claim of defendants was adverse to plaintiff.  Further answering the complaint, the defendants alleged that on the 14th day of December, 1897, they made a valid location of the Peacemaker Fraction Lode, setting out the various steps that are required by the

statute in order to make the location of a mining claim, including the discovery, staking, posting of the notice on the claim, and recording of the same. The court in its findings of fact, found "that said plaintiff, William Naddy, is not the owner of, nor in the possession of, nor entitled to the possession of, the certain property described in the first paragraph of the plaintiff's first cause of action as the 'Gold Run Lode.' " The court found the same facts as to the Gold Run Fraction lode described in the second cause of action. The court further found "that said plaintiff, William Naddy, is not the owner of, nor in possession of, nor entitled to the possession of, the certain alleged Gold Run lode, or to the certain alleged Gold Run Fraction lode, described and referred to in the plaintiff's complaint, first paragraph of the third cause of action. * * * That said plaintiff has no right, title, interest, claim, equity or demand in or to the said lodes, or either of them, or any part, parcel, or portion thereof; that said plaintiff was not upon the 14th day of December, 1897, nor at any time since, the owner of or in possession of the property, or entitled to the possession of the property, described in the plaintiff's complaint as the 'Gold Run Lode' and the Gold Run Fraction Lode,' nor any part, parcel, or portion thereof;" "that all of the issues of fact raised by the pleadings in this case are hereby found and decided in favor of said defendants, and each of them, and against said plaintiff." The court found as to the defendants' claim all the facts specifically required to constitute a good mining location, and concluded that said defendants have duly complied with all the laws of the United States, of the state of South Dakota, and all the rules and regulations in any wise relating to or appertaining to the location of quartz mining claims. The court further finds that plaintiff claims some right, title, estate, or interest in and to said Peacemaker Fraction lode claimed by the defendants, and that said

claims of plaintiff are adverse to said defendants, and are unfounded in law and in fact, and embarrass said defendants in the use, enjoyment, and disposal of the property, wherefore the court concludes, as matter of law, that plaintiff is not entitled to relief as prayed for in his complaint, and that the defendants are entitled to a decree, as prayed for in their answer, quieting their title in and to said Peacemaker Fraction lode as against the said plaintiff and all persons claiming or to claim the same, or any part thereof, under or through said plaintiff.

The plaintiff alleges error in making no findings of fact upon the issues tendered by the first and second causes of action, and that the court erred in entering judgment in favor of the defendants and against plaintiff without making and filing findings of fact upon the issues raised by the complaint of plaintiff and the answer of defendants. The learned counsel for appellant in their brief state that there is but one proposition to be presented in this case, and that is whether, when a plaintiff relies upon a mining location not patented, as the record shows claim of plaintiff not to have been, and the defendant sets up an adverse mining claim, is it sufficient for the court to find merely that the plaintiff was not the owner of the lode set out in the complaint, or whether the specific facts upon which the plaintiff relies should be found by the court. And they contend that the findings of the court in this case are insufficient upon which to base a judgment in favor of the defendants. The respondents insist: First, That as the appeal is simply from the judgment, no findings having been presented to the court on the part of the appellant, no exception taken to any of the findings and no motion made for a new trial, there is nothing before the court but the findings and judgment, and it does not appear from any of these that the plaintiff gave any proof as to the making of a discovery, staking a claim, doing work thereon,

or doing any of the other acts required in locating a mining claim, and hence, for aught that appears in the record, the plaintiff may have relied upon a patent or deed from a patentee of the government. Second, They further insist that, as the plaintiff alleged his title generally, it was sufficient for the court to find the issues substantially as they were alleged in the complaint and denied by the answer. Thiid. They insist that the plaintiff is precluded from raising any question as to the sufficiency of the findings in this court, for the reason that no findings were prepared and presented to the court, and no request made for further findings on the part of the plaintiff.

We are of the opinion that the respondents are correct in all of these positions. There is nothing in the record disclosing to this court that the plaintiff introduced any evidence as to any discovery or acts of location, and, in the absence of such evidence, this court cannot presume that any such evidence was before the trial court. As we have seen, the plaintiff alleges that he is the owner, in the possession and entitled to the possession, of certain property described in the complaint. These allegations are denied by the answer. The court, upon this issue, finds that the plaintiff was not the owner, not in possession, and not entitled to the possession, of the premises described in the complaint, and that he had no right, title, or interest therein. The ultimate facts, therefore, to be found by the court, were as to appellant's title, possession, and right to possession, and these were all found against him. It is not easy the perceive, therefore, what other fact it was necessary for the court to have found, under the pleadings, in order to sustain the judgment in favor of the defendants. In Daly v. Sorocco, 80 Cal. 367, 22 Pac. 211, this identical question was before the supreme court of California. In that case the court had found, as in this, that the plaintiff was not the owner of the property in controversy, and was not in the possession, or enti-

tled to the possession, of the same. The court there held that this constituted a proper finding of facts, under the pleadings, and that inasmuch as it followed the plaintiff's complaint, and was as broad as the allegations of the complaint, he could not urge error upon such a finding. The plaintiff relies upon McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587, decided by this court, but that case does not sustain his contention. There the court had failed to find upon the material issue raised by the pleadings in the case in any form, and hence this court held that, the issue not having been found by the court below, there was nothing in this court for review, and the case was sent back for a new trial. In the case at bar, however, the court finds upon all the material issues presented by the complaint and the denials of the answer, and finds against the appellant. Certainly, therefore, if appellant's complaint stated facts sufficient to constitute a cause of action—and we think it did—the findings are also sufficient. Again, as the trial court was not requested by the plaintiff to make any additional findings, the plaintiff cannot raise any question as to them for the first time in this court. If the plaintiff desired findings upon a particular point, or more specific findings, he should have requested them, and their omission without such request is not error. The rule is thus stated in 8 Enc. Pl. and Prac. 277: "An objection based on a mere omission to make a finding of fact cannot be raised for the first time on appeal. If a party desires any particular finding of fact, he must call the attention of the court to the matter of fact upon which he desires a finding, and make a request therefor; and, if the court refuses his request, he must save an exception to such refusal." This statement seems to be supported by the great weight of authority, and is clearly the proper practice; and, where a party fails to request the making of such findings as he may desire in the court below, he cannot be permitted in

this court to raise the question that such findings have not been made. Wilkinson v. Wilkinson, 59 Wis. 557, 18 N. W. 527.

It is further contended on the part of the appellant that the findings in regard to plaintiff's title should have been as specific as those found as to the defendants' title, but the pleadings on the part of the defendants were different. The defendants, in setting out their title under their counterclaim, set out the various acts of location upon which they relied as giving them a good title to the property. The court in its findings, therefore, followed the allegations of the counterclaim and found specifically all the facts constituting defendants' claim of title. No exception has been taken to these findings, and, in the view we have taken of the case, we do not deem it necessary to further consider them. It is sufficient to say that the plaintiff chose to set out the ultimate fact of ownership and possession, and his right to possession; and the findings, being as broad as the allegations, were ample and sufficient.

It is further contended on the part of the appellant that there was no finding upon the question of abandonment alleged on the part of the defendants. While there is no direct finding upon this allegation of the counterclaim, which seems not to have been denied by any reply, the other facts found necessarily cover this issue. The findings that plaintiff was not the owner, not in possession, and not entitled to the possession, of the property, was, in effect, a finding that, if he had ever had any claim to the property, it had been abandoned, or, at least, from the findings, this court would not presume that he ever had any such title, and therefore the want of such a finding does not materially affect the case. But, as before stated, the plaintiff made no request for a finding upon this subject, and therefore he is not in a position to urge error in this court. As there are sufficient findings to which no exception has been taken to sup-

port the judgment, the failure of the court to make any finding upon this question was not prejudicial. Martin v. Bank, 7 S. D. 268, 64 N. W. 127. Again, if any findings had been made by the court upon this alleged issue, it must necessarily have been against the plaintiff; hence no prejudicial error was committed by the court in failing to pass upon this question. Hutchings v. Castle, 48 Cal. 152; Bank v., McKinney, 4 S. D. 226, 55 N. W. 929; Joslyn v. Smith, 2 N. D. 53, 49 N. W. 382. Finding no error in the record, the judgment of the court below is affirmed.