[No. 13119. In Bank. — September 3, 1889.]

PATRICK DALY, APPELLANT, v. JOHN SOROCCO,
ET AL., RESPONDENTS.

QUIETING TITLE — PLEADING — ALLEGATION AS TO OWNERSHIP — FINDINGS.
— When the plaintiff alleges ownership of real estate in an action to quiet
title, a finding upon the issue of ownership is a finding of fact, and the
evidence going to prove such ownership need not, and should not, be
pleaded or found.

ID. — FINDING UPON IMMATERIAL ISSUES. — When the plaintiff's allegations
as to ownership and right of possession are found against him in an
action to quiet title, a failure to find upon other issues is immaterial, and
is not cause for reversal.

APPEAL from a judgment of the Superior Court of
Plumas County.

The facts are stated in the opinion of the court.

*John Gale*, and *F. B. Whiting*, for Appellant.

*Goodwin & Goodwin*, for Respondents.

WORKS, J. — Action to quiet title, and for an injunc-
tion. The complaint contained the usual allegations of
ownership and right to possession in the plaintiff, and
certain other facts, the only object or purpose of which
must have been to obtain the injunction prayed for.
The answers of the defendants put in issue the allega-
tions of the complaint, and certain affirmative matters
were pleaded. The court found that the plaintiff was
not the owner of the property in controversy at the time
the action was commenced, and was not entitled to the
possession thereof. There were certain other special find-
ings immaterial to the question presented on this appeal.

The appellant contends that the finding that the
plaintiff was not the owner of the property was a find-
ing of a conclusion, and that the facts showing that he
was not the owner should have been found. If so, the
plaintiff's complaint was bad also. It alleged the owner-
ship as a fact, and the finding was as broad and as spe-

cific as the allegation of the appellant's pleading. But the finding was sufficient. Where a party alleges his ownership of real estate in an action of this kind, a finding that he was or was not such owner is a finding of a fact, the fact in issue, and the evidence going to prove such ownership need not, and should not, be pleaded or found. (*Payne* v. *Treadwell*, 16 Cal. 247; *Smith* v. *Acker*, 52 Cal. 217; *Frazier* v. *Crowell*, 52 Cal. 399; *Murphy* v. *Bennett*, 68 Cal. 528.)

The appellant further contends that the cause should be reversed because the court failed to find upon certain other issues presented. But his right to maintain the action was based wholly on his ownership and right to possession, and these being found against him, it was immaterial to him whether the court found as to the other facts or not, as the judgment must have been against him, whatever the other findings might have been. Under such circumstances the failure to find on certain issues is not cause for reversal. (*McCourtney* v. *Fortune*, 57 Cal. 617; *Murphy* v. *Bennett*, 68 Cal. 528.)

Judgment affirmed.

MCFARLAND, J., SHARPSTEIN, J., PATERSON, J., BEATTY, C. J., and THORNTON, J., concurred.