[No. 1625.    Department Two.—March 24, 1896.]

## CHARLOTTE G. DAM, RESPONDENT, v. ELIZABETH ZINK, APPELLANT.

ACTION TO QUIET TITLE—CLAIM OF LIEN—FINDINGS—ULTIMATE FACT—CONCLUSIONS OF LAW—APPEAL FROM JUDGMENT.—In an action to quiet title to land, where the complaint alleged that the defendants claimed a lien upon the property without right, and the defendants set up in their answer the lien of a judgment docketed against plaintiff and her husband, a finding that the asserted judgment is not, and never has been, a lien upon the premises, is responsive to the averments and denials of the pleadings, and is the finding of an ultimate fact, and not of a conclusion of law, and is sufficient to sustain a judgment for the plaintiff upon appeal therefrom upon the judgment-roll.

ID.—SUFFICIENCY OF FINDINGS—RELATION TO PLEADINGS.—The only purpose of the findings is to answer the questions put by the pleadings; and, if facts are stated in the findings in the same way in which they are stated in the pleadings, they are sufficient.

ID.—DOCKETED JUDGMENT NOT NECESSARILY A LIEN—HOMESTEAD—REASON FOR FINDING.—A docketed judgment is not necessarily a lien, and is not a lien upon a homestead which is exempt from execution; nor is is necessary for the court to state such exemption as a reason for finding that it was not a lien against a married woman who is plaintiff in an action to quiet title against the claim of lien, where the ultimate facts set forth in the pleadings are found by the court.

APPEAL from a judgment of the Superior Court of Yuba County.  E. A. DAVIS, Judge.

The facts are stated in the opinion of the court.

*Forbes & Dinsmore,* for Appellant.

The conclusions of law drawn by the court as to appellant's lien were erroneous. (Code Civ. Proc., sec. 671.)

*W. T. Phipps,* for Respondent.

It is only necessary to find the ultimate facts pleaded, without stating the reason for the finding. (*McClory* v. *McClory,* 38 Cal. 575; *Mathews* v. *Kinsell,* 41 Cal. 514.)

McFARLAND, J.—This is an appeal by Elizabeth Zink, defendant, upon the judgment-roll, which includes findings, from a judgment in favor of plaintiff, in an action to quiet title to a tract of land in Yuba county. The only question raised is as to the sufficiency of the findings to support the judgment.

In the complaint, after the usual averments of ownership of the land by plaintiff, it is averred that the defendants (of whom there were several) claim some interest in the land, but that said claim was without any right, and further that the defendants Elizabeth Zink and Jacob Zink "claim to hold a judgment lien against the said real property, but which claim is without any foundation or right." All the other defendants filed disclaimers, and Elizabeth Zink answered, setting up that before the commencement of this action she had recovered a judgment in the superior court of said Yuba county against the said plaintiff and one Benjamin F. Dam for several hundred dollars; that said judgment was regularly docketed and recorded in the judgment-book of said court; that no part of the same has ever been paid; and that by virtue of said judgment, recovered and docketed as aforesaid, she "has held and does hold a judgment lien against the said real property"; and she denies "that her said claim, or any part or portion thereof, is without any foundation or right." The court found: 1. That the plaintiff, at the commencement of the action, was the owner in fee, etc., of the land described in the complaint, with the exceptions of some

designated parcels thereof; 2. That all the defendants
except Elizabeth Zink had disclaimed any interest in
the land; 3. That Elizabeth Zink has "no right, title,
interest, claim, or *lien* of, in or to or against any of the
land or premises so as aforesaid now owned and pos-
sessed by plaintiff." The court found also that the
appellant had recovered a judgment against the respond-
ent and Benjamin F. Dam, as averred in the answer,
and that the same had been docketed as therein averred,
but further found that the said judgment "is not now,
and never has been, a lien against the said land and
premises so as aforesaid now owned and possessed by
plaintiff."

It is contended by appellant that, as under section
671 of the Code of Civil Procedure, a docketed judgment
becomes a lien upon all the real property of the judg-
ment debtor in the county, the finding of the court that
there was no such lien in the case at bar is an erroneous
conclusion of law, drawn by the court from the facts found.
But if facts are stated in the findings in the same way
in which they are stated in the pleadings, they are suf-
ficient. As is said in Hayne on New Trial and Appeal:
"The only purpose of the findings is to answer the ques-
tions put by the pleadings." (Hayne's New Trial and
Appeal, 723, 724, and cases cited.) The issue made by
the pleadings as to the asserted judgment lien is whether
or not said judgment constitutes a lien; and the finding
that it is not a lien is responsive to the averments and
denials of the pleadings with respect to that subject,
and is, therefore, sufficient. (*Carey* v. *Brown*, 58 Cal.
184; *Pralus* v. *Pacific etc. Co.*, 35 Cal. 34; *Frazier* v. *Cro-
well*, 52 Cal. 401; *Smith* v. *Acker*, 52 Cal. 217; *Daly* v.
*Sorocco*, 80 Cal. 367, and cases there cited.) The find-
ings were as broad and specific as the averments of the
pleading. It does not follow that because appellant had
a docketed judgment, such judgment was necessarily a
lien. For instance, if the land were exempt from exe-
cution, it would not come within the provisions of said
section 671 of the code; and if the land here involved

was a homestead, and therefore exempt from execution (as is stated in respondent's brief), it was not necessary for the court to state that fact *as a reason* for finding the issue as to the lien against the appellant. The ultimate facts were sufficiently found.

The judgment appealed from is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.