[S. F. No. 64.   Department Two.—July 16, 1896.]

CHARLES J. GAVIN, ADMINISTRATOR, ETC., APPELLANT, v. FRANK SWAIN, EXECUTOR, ETC., RESPONDENT.

EJECTMENT—FINDINGS—ULTIMATE FACTS—OWNERSHIP—RIGHT OF POSSESSION.—In an action of ejectment, ownership or seisin in fee, and the right to the possession, are ultimate facts, and not conclusions of law, and findings of them are sufficient, without specifying the source of title or the means of its acquisition.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   A. A. SANDERSON, Judge.

The facts are stated in the opinion.

*Dunne & McPike*, for Appellant.

*J. M. Whitworth*, and *H. G. Platt*, for Respondent.

VANCLIEF, C.—This action was commenced against Mary J. Gavin, Patrick Gavin, and C. S. Laumeister to

quiet plaintiff's alleged title to a piece of land in the city of San Francisco. Pending this action, Mary J. Gavin married and thereby took the name Mary J. Holmes, and died before judgment, and her executor, Frank Swain, was substituted for her as defendant.

The defendant, Mary J. Gavin alone answered, denying plaintiff's alleged title and right of possession, and alleging that, at and before the commencement of the action, she was, and still is, the owner of the piece of land described in the complaint, and is entitled to the possession thereof.

Upon the issues thus raised the court below found in favor of the defendant, executor of Mary J. Holmes, and rendered judgment accordingly.

The plaintiff brings this appeal from the judgment upon the judgment-roll, and without any bill of exceptions.

The only point made by counsel for appellant is that there is no sufficient finding of facts to sustain the judgment.

The court found that plaintiff's intestate, Ellen Gavin, never did, and that her estate does not now, "own or possess or have any right, title, or interest or estate in or to the real property mentioned and described in the complaint, or any part thereof, and never was and is not now entitled to the possession of the same, or any part thereof." And further found that defendant's testatrix, Mary J. Gavin, "was, at the commencement of this action, and since the 18th day of March, 1893, up to and at the time of her death (December 7, 1893), the owner and seised in fee and entitled to the possession of said property and the whole thereof."

It is contended that these are not findings of facts, and especially that the findings that plaintiff's intestate never owned or possessed any interest or estate in the land in question, and that defendant's testatrix was, at the commencement of this action, and at the time of her death, "the *owner* and *seised in fee*" of said land, are

mere conclusions, " reached by the application of rules of law to an ascertained fact or collection of facts."

There is no merit in this point; and the decisions in this state overruling it are so numerous that it seems unaccountable that it should be relied upon or contended for by counsel at this time. That *ownership* or (in technical language) *seisin* of real property is a fact that may be pleaded, proved, and found as a material ultimate fact in all cases involving title to real property is unquestionable in this state. (*Payne* v. *Treadwell*, 16 Cal. 244; *Murphy* v. *Bennett*, 68 Cal. 528; *Daly* v. *Sorocco*, 80 Cal. 367; *Gill* v. *Driver*, 90 Cal. 72.) Indeed, the plaintiff has so and not otherwise pleaded it. It is averred in her complaint, simply, that plaintiff is "the owner and entitled to the possession of" the land in question, without any reference to the source of title, or to the manner or means of its acquisition.

It follows, I think, that the judgment should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.