Caroline A. Kellsall, trustee, claimed to be the owner in fee simple of the property involved herein, and Albert G. Wicker claimed to be her lessee under a lease for 99 years, renewable forever. They claimed below that the C., L. & N. Ry. Co. (plaintiff in error) was interfering with their use and enjoyment of their property. Injunction was prayed for.
Defendant railway company denied ownership in plaintiffs, and by way of cross-petition asked damages for the tearing down of the railway company’s fences by plaintiffs, claimed by the railway company to be on the property of the railway company. The court below found the C., L. & N. Ry. Co. had no right, title or interest in the lots, numbers 19, 20 and 21, Wright’s subdivision, and thereupon the court perpetually enjoined the railway company as prayed for in plaintiff’s petition. The cause is now before this court on error and the petition in error sets up three grounds:
' 1. Error in admission of evidence offered by defendants- in error.
2. Error in rejection of evidence offered by plaintiff in error.
3. Said judgment was given for defendant in' error when it ought to have been given for plaintiff in error.
At the hearing of this case nothing was urged with reference to the first two assignments of error) nor does the record dis *488 close any prejudicial error in such regard, if same were to be considered.
W. W. Ramsey, for plaintiff in error.
W. C. McLean and C. D. Jones, for defendants in error.
As to the third assignment, we can not say that the judgment was wrong without reviewing the findings of fact made by the court below. These findings of fact were that plaintiffs below were the owners of the property involved; that the C., L. & N. Ry. Co. had no right, title or interest in the lots in question. That these were not conclusions of law but findings of fact, see Daly v. Sorrocco, 80 Cal., 367; Garin, Admr., v. Severin, Exec., 113 Cal., 324.
We can not now review these findings of fact because it appears that no motion for a new trial was filed by defendant railway company to the decision of the court below. The overruling of such motion and exceptions seem to be indispensable prerequisites to the right to review the facts on petition in error. Westfall v. Dungan, 14 O. S., 276-9; Ide v. Churchill, 14 O. S., 372; Spangler v. Brown, 26 O. S., 389; Everett v. Sumner, 32 O. S., 562; Minnear v. Holloway, 56 O. S., 148, 150, 151.
In the latter case it was said:
“It has been repeatedly held by this court that the circuit court can not review a case upon the weight of the evidence, unless a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence or is against the weight of the evidence has been filed and overruled, and that this rule is applicable to all cases both at law and in equity.”
Upon the court’s finding of facts we find no error in the court’s ' conclusion of law.
For these reasons the judgment below is affirmed.