[Civ. No. 1446. Second Appellate District.—October 9, 1914.]

## HAMBRIGHT & WALSH COMPANY (a Corporation), Appellant, v. PROVIDENT PLEDGE CORPORATION (a Corporation), Respondent.

FINDINGS—UNCERTAINTIES—CONSTRUCTION IN FAVOR OF JUDGMENT.— It is a rule of law that any uncertainties or ambiguities in findings must be construed, if possible, so as to support the judgment.

CONSIGNED JEWELRY—AUTHORITY OF CONSIGNEE TO SELL—PLEDGE BY CONSIGNEE—VIOLATION OF TRUST—OWNER NOT ENTITLED TO RECOVER WITHOUT PAYMENT OF LOAN.—Where a wholesale dealer or jobber delivers certain jewelry to a person in the retail jewelry business for the purpose of inspection by prospective customers of the latter, and authority is given the retailer to sell the same to his customers, if possible, at a price fixed by him, and in the event of such sale, he to pay the wholesaler the price agreed upon therefor, otherwise to return it, the transaction vests in the retailer apparent ownership of the property, and where the latter, instead of selling the goods and paying the wholesaler, as it was intended he should do, pledges them, in violation of his trust, for a loan to himself, the wholesaler is not entitled to recover possession of the property from the pledgee without first paying the amount for which it was pledged.

ID.—CASE WITHIN SECTION 2991 CIVIL CODE.—Such a case comes within the provisions of section 2991 of the Civil Code, which provides that "one who has allowed another to assume apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title to defeat a pledge of the property, made by the other, to a pledgee who received the property in good faith, in the ordinary course of business and for value."

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Loeb & Loeb, for Appellant.

Arthur Wright, for Respondent.

SHAW, J.—This was an action to recover possession of certain personal property title to which, as alleged, was vested in plaintiff.

Plaintiff was a wholesale dealer or jobber in the sale of jewelry. One C. P. Osgood was engaged in the retail jewelry business and on occasions found customers who desired to purchase goods which he did not carry in stock. From time to time he applied to plaintiff for such articles, which it intrusted to him upon consignment thereof and if they were sold or retained by him they were either paid for or a charge made against him for the same; otherwise they were returned to plaintiff. About November 7, 1912, Osgood received from plaintiff the goods in question, consisting of two diamonds and one diamond ring. With their delivery there was also delivered to Osgood by plaintiff a memorandum as follows:

"Memorandum. From Hambright & Walsh, 342 South Broadway, Phone A 3204, Los Angeles, Cal. N. B.—These goods are sent for your inspection and are delivered upon the express understanding that the title thereto shall remain in Hambright & Walsh until the purchase price is fully paid. Los Angeles, November 7, 1912. Consigned to C. P. Osgood, City. (Then follows a description of the goods.) Important. When reporting on these goods, please return this bill and see that it is receipted and returned to you."

A few days after receiving the goods from plaintiff, Osgood, without paying for the same, pledged them to defendant to secure the payment of four hundred and fifty dollars. The action is to recover possession of the jewels. The court adjudged that plaintiff was entitled to possession of the goods only upon paying to defendant the amount for which they were pledged.

From this judgment plaintiff appeals, adopting the alternative method in presenting the record.

The court found that the goods were delivered to Osgood by plaintiff, as stated, together with the memorandum therewith, stating briefly a description of the property and the price at which it would sell the same, and that plaintiff "agreed with said Osgood . . . substantially that it would transfer and convey to him or to his order said property or any part thereof upon certain terms and conditions not stated in said memoranda, or upon the happening of events not stated in said memoranda." And also found "that said delivery was made in said manner with the real intent and agreement upon the part of the plaintiff that the said Osgood might sell or otherwise dispose of said property provided he

paid plaintiff plaintiff's said stated price therefor, or other price that plaintiff might accept, at time or times and upon terms and conditions set out." As a conclusion of law the court found that, in the manner heretofore found, "plaintiff delivered said personal property to the said Osgood and allowed him to assume the apparent ownership of said property for the purpose of making a transfer of it."

Appellant attacks the judgment upon the ground that it is not supported by the findings. The findings are not as clear and explicit as they should be. Nevertheless, it is a rule of law that any uncertainties or ambiguities in findings must be construed, if possible, so as to support the judgment. (*Breeze* v. *Brooks,* 97 Cal. 77, [22 L. R. A. 257, 31 Pac. 742] ; *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899] ; *Murphy* v. *Stelling,* 8 Cal. App. 702, [97 Pac. 672].) The memorandum delivered with the goods does not purport to show the making of a conditional sale to Osgood, or in fact that any sale of the goods was made to him; hence the transaction cannot be construed as a conditional sale. While, as stated, the goods were delivered to Osgood for his inspection, the title to remain in plaintiff until the purchase price was fully paid, it was further agreed, as found by the court, that Osgood might sell or dispose of the same, provided he made payment therefor to plaintiff. In other words, while Osgood, as shown, was authorized to sell the goods, plaintiff insists no title could pass unless he paid plaintiff the agreed purchase price of the goods, thus imposing upon the one purchasing from Osgood the duty of seeing that the money paid for the goods so bought was delivered to plaintiff, who was unknown in the transaction. Notwithstanding the findings are awkwardly drawn, it sufficiently appears therefrom that in the transaction between Osgood and plaintiff the former was authorized to make a sale and transfer of the goods. As we view the finding, it brings the case within the provisions of section 2991, of the Civil Code, as follows: "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title, to defeat a pledge of the property, made by the other, to a pledgee who received the property in good faith, in the ordinary course of business, and for value."

Thus construed, appellant insists the findings are not supported by the evidence. A brief reference to the evidence

shows that this contention is also without merit.  According to testimony given on behalf of plaintiff, its business transactions with Osgood commenced about a year before the transaction in question.  Osgood, to whom plaintiff extended some credit, carrying his name upon its ledger, received goods from plaintiff on consignment.  These goods he would display in his place of business.  A witness for plaintiff testified as follows: "He (Osgood) sold the goods, . . . on the installment plan, the same as any of these retail houses, at so much down and so much a month.  Q. Then how did he report to you and how did he pay you?  Tell us in full. A. Immediately when he had sold a watch or any other item to any person, he would either pay us at once, or we would charge him on the ledger; our transaction was ended as far as the sale was concerned; then it was a matter of collecting the money.  Q. Then whom would you collect the money of? A. C. P. Osgood.  Q. You didn't know who the purchaser was, did you?  A. No sir, we had nothing to do, we did not—we sell only to retail jewelers; we don't sell to the customer direct.  Q. You trusted Osgood in those particulars? A. Yes sir.  Q. Now, where he would sell something on the installment plan, would you wait until he had been paid? A. We had nothing to do with that; we charged the goods on our ledger and expected our pay on regular time."  It may be conceded that reading the entire testimony given on behalf of plaintiff discloses inconsistent statements, some of which are made by the same witness.  The weight accorded such testimony, however, is for the trial court to pass upon. The evidence taken as a whole fairly justifies the inference that plaintiff delivered the goods in question to Osgood, not for his inspection, but for the inspection of his prospective customers to whom it was understood and intended that he should, if possible, at a price fixed by him, sell the goods, in which event he should pay plaintiff the agreed price therefor; otherwise return them.  Under the laws of this state one may make a conditional sale, delivering possession of but retaining title to the property, in which case the seller may recover possession where a transfer of title is attempted without compliance with the conditions.  The case at bar presents no facts bringing it within this rule.  The fact that Osgood instead of selling the goods and paying plaintiff as it was intended he should do, violated the trust reposed in him by

pledging them in payment for a loan, does not entitle plaintiff to a recovery from one having no knowledge of the arrangement and who, upon faith of the apparent ownership with which plaintiff had clothed the possessor, parted with his money in exchange for the goods.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.