[S. F. No. 7234. In Bank.—November 3, 1915.]

## LEWIS D. HITCHCOCK, Appellant, v. K. T. ROONEY, Respondent; FLORA S. MAYER and SAMUEL D. MAYER, Defendants.

ACTION TO QUIET TITLE—COMMUNITY PROPERTY—ORDER GRANTING NEW TRIAL.—In an action by a husband to quiet title to a parcel of land, title to which was taken in the name of his wife, which was later conveyed by them to another party, who conveyed it back to the husband, against a creditor of the wife who had attached her interest in the property, the evidence is held to be such that an order of the trial court granting a new trial upon the ground that the evidence was insufficient to support the finding that the property was community property of the husband and wife and not the separate property of the wife should not be reversed.

NEW TRIAL—ORDER GRANTING WHEN REVERSED.—If upon undisputed facts found but one correct conclusion of law is possible, and the superior court, mistaking the law, orders a new trial, the appellate court will reverse such order.

ID.—DISCRETION OF THE COURT—CONFLICTING EVIDENCE.—The granting of a new trial rests largely in the discretion of the trial court, and where there is a substantial conflict in the evidence, an order of the trial court granting a new trial will not be disturbed on appeal.

ID.—GROUND FOR SUPPORT OF ORDER.—If the order granting a new trial may be supported upon any ground, that ground will be presumed to be the one upon which the court founded its action.

PLEADING—OWNERSHIP AN ULTIMATE FACT.—The ownership of property may be pleaded, proved and found as an ultimate fact, based upon the probative facts adduced from the evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, Nat Schmulowitz, and A. H. Jarman, for Appellant.

A. P. Dessouslavy, for Respondent.

MELVIN, J.—Plaintiff appeals from an order granting the motion of defendant Rooney for a new trial.

The action was one by which the plaintiff sought to quiet his title to a certain parcel of land in the city and county of San Francisco.

Defendant Rooney answered admitting that she asserted an interest in the property by reason of an unsatisfied attachment levied thereon and judgment liens against said land in an action upon a promissory note in which K. T. Rooney was the plaintiff and Marvie B. Hitchcock, wife of Lewis D. Hitchcock, was the defendant. There was a cross-complaint involving the sale of another parcel of land and the alleged fraudulent disposition of the proceeds for the purpose of defeating the claim of K. T. Rooney against Marvie B. Hitchcock, but we do not find it necessary to discuss that branch of the case.

The following undisputed facts were proven or stipulated at the trial and found by the court: The realty in dispute, called throughout the trial the "Clayton Street property," was conveyed on July 13, 1909, by deed from E. E. and Grace Kelly to Marvie B. Hitchcock, wife of plaintiff. This deed was duly recorded in the following month. On February 28, 1912, Marvie B. Hitchcock executed to F. S. Mayer, the wife of S. D. Mayer, her note for $2,350, payable one year after date without interest. On March 17, 1913, Mrs. Mayer assigned and transferred the note to K. T. Rooney, who promptly

brought suit thereon and caused an attachment to be levied on the interest of Mrs. Hitchcock in the Clayton Street property. Judgment was entered in respondent's favor in said action in April, 1913. This judgment has been only partially satisfied. The attachment is still in force. On January 2, 1913, Lewis D. Hitchcock and Marvie B. Hitchcock executed a deed of conveyance of the Clayton Street property to John W. Green, and on May 22, 1913, John W. Green and R. H. Green, his wife, conveyed the said property to Lewis D. Hitchcock, plaintiff herein.

Without setting forth in detail the issues involved in the various pleadings, it is sufficient to say that the controversy turned upon the question whether or not the land had been the community property of plaintiff and Marvie B. Hitchcock at the time when K. T. Rooney's attachment was levied. The court found that plaintiff was, and at all times since the deed from the Kellys had been, in possession of the property in question; that he and Marvie B. Hitchcock were, and long had been, husband and wife; that plaintiff had purchased said land with money which was the community property of Lewis D. and Marvie B. Hitchcock; that Mrs. Hitchcock had been named as grantee in the deed from the Kellys for no purpose except as the result of habit, custom, and convenience; that plaintiff did not intend said property to be conveyed to his wife by way of gift, but that it was the purpose and intention of both of them that Marvie B. Hitchcock should hold the record title for the benefit of the community; that Marvie B. Hitchcock had never been in possession of, nor the owner in fee of, the Clayton Street property; that the land in question was, and had been since July 13, 1909, the community property of the Hitchcocks; that their deed to Green was not made for any fraudulent purpose; "but it was without consideration and pursuant to and in furtherance of a plan for the transfer of the record title out of the name of Marvie B. Hitchcock and into the name of plaintiff, and made to prevent the property involved therein from being applied to satisfy said notes of Marvie B. Hitchcock."

The motion for a new trial was granted, after due argument and submission to the court on the ground that, "the evidence submitted was and is insufficient to support the finding that the property which is the subject matter of this action was

and is the community property of the plaintiff Lewis D. Hitch-cock and his wife.''

Appellant concedes that the granting or refusing of a new trial rests very largely in the discretion of the trial court, but he insists that the court in reality granted the motion purely upon a question of law which was erroneously determined; that there was no material conflict in the testimony; and that no conclusion save one favorable to plaintiff's contention was possible under the evidence.

As we have seen, the case really turned upon the question whether or not the plaintiff had established the character of the property standing in his wife's name as community prop-erty. Appellant's counsel are of the opinion that the finding to the effect that the land *was* community property at all times after the delivery of the deed from the Kellys to Mrs. Hitchcock was not a finding of fact but a conclusion of law, and that the court's order, quoted above, merely amounted to a declaration that the former judgment was against law— a statement, say counsel, totally at variance with the essential facts found by the court and based upon unconflicting testi-mony. In other words, counsel for appellant take the posi-tion that the trial court regarded the evidence sufficient to support all of the findings of fact necessary to the decision of the case, but considered it insufficient to uphold that which counsel call the "conclusion of law" that the land here in-volved was community property.

Undoubtedly, it is the rule that if upon undisputed facts found but one correct conclusion of law is possible and the superior court, mistaking the law, orders a new trial, this court will reverse such an order (*Flood* v. *Petry,* 165 Cal. 309, [46 L. R. A. (N. S.) 861, 132 Pac. 256]; *Schramm* v. *Southern Pacific Co.,* 87 Cal. 426, [25 Pac. 481]; 2 Hayne New Trial and Appeal [revised edition], p. 1623), but in this case there was a material conflict in the evidence, and, that being true, it makes no difference whether the court's first determination with respect to the land as community property was a con-clusion of law or a finding of fact, because the order granting a new trial was made ''on the ground that the *evidence sub-mitted*'' was insufficient to support the so-called finding. It is settled, however, that the ownership of property may be pleaded, proved, and found as an ultimate fact, based upon the probative facts adduced from the evidence. (*Gavin* v.

*Swain,* 113 Cal. 324, [45 Pac. 677]; *Dam* v. *Zink,* 112 Cal. 91, [44 Pac. 331]; *Daly* v. *Sorocco,* 80 Cal. 367, [22 Pac. 211].) The court's conclusion that the evidence was insufficient to support the ultimate fact may have rested upon a belief that plaintiff had failed to overcome with credible testimony the presumption of a gift to his wife arising under the statute, or may have been due to the conviction that sufficient force had not originally been accorded to the presumption, or that defendant's evidence supported the inference that a gift was intended. The court was not required to specify which of the probative facts previously found had been without sufficient support from the evidence. If the order granting the new trial may be supported upon any ground, that will be presumed to be the one upon which the court founded its action. (*In re Martin's Estate,* 113 Cal. 481, [45 Pac. 813]; *Drathman* v. *Cohen,* 139 Cal. 310, [73 Pac. 181]; *Condee* v. *Gyger,* 126 Cal. 547, [59 Pac. 26].)

Both the plaintiff and his wife testified positively that the money with which the land was purchased was community property; that by causing the deed from the Kellys to designate Mrs. Hitchcock as the sole grantee no gift was intended by the plaintiff nor understood by his wife; and that the course here pursued was in accordance with their custom in dealing with the property of the marital community. As opposed to this showing, respondents had the benefit of the presumption of law, amounting to evidence that the deed of the land to Mrs. Hitchcock vested the title in her as her separate property. (Sec. 164, Civ. Code.) Even if it was purchased with community funds, the presumption would arise that the husband intended a gift of the land to his wife as her separate property. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646, 649, [77 Pac. 657]; *Shaw* v. *Bernal,* 163 Cal. 262, 266, [124 Pac. 1012]; *Hammond* v. *McCollough,* 159 Cal. 639, 642, [115 Pac. 216]; *Estate* of *Klumpke,* 167 Cal. 415, 422, [139 Pac. 1062]; *Killian* v. *Killian,* 10 Cal. App. 312, 316, [101 Pac. 806]; *Carle* v. *Heller,* 18 Cal. App. 577, 581, [123 Pac. 815].) True, these presumptions are disputable, but they have such force as may in some cases outweigh positive evidence against them. Presumptions are evidence (*People* v. *Milner,* 122 Cal. 171, 179, [54 Pac. 833]; *Moore* v. *Gould,* 151 Cal. 723, 725, [91 Pac. 616]), and sometimes such presumptions as we are here considering require clear and con-

vincing evidence to overcome them.  (*Lenninger* v. *Lenninger,* 167 Cal. 297, 307, [139 Pac. 679].)

Respondent's case did not depend upon the unsupported presumptions of the character of the land as Mrs. Hitchcock's separate property.  Miss Clay, who had been a frequent visitor to the home of the Hitchcocks during a period of about two years prior to March, 1912, testified that during that time she frequently heard Mrs. Hitchcock, in the presence of Mr. Hitchcock, refer to the Clayton Street land as ''my property,'' and that on those occasions he had never sought to question, deny, or correct such statements.  Plaintiff's counsel seek to minimize the effect of this evidence, and devote much space in their briefs to a discussion which goes to its weight—a subject which we may not consider, because the matter of the weight of evidence is committed exclusively to the trial court.  Such evidence is admissible.  (*Hoeck* v. *Greif;* 142 Cal. 123, [75 Pac. 670].)  Its effect is a matter to be determined upon a motion for a new trial by the judge of the court wherein the cause was tried.

There were other matters which the court was bound to consider, and was charged with a duty to determine their proper weight.  One was plaintiff's testimony that the deed to his brother-in-law, Mr. Green, was to secure a loan of one thousand five hundred dollars (substantially the full value of the property), which plaintiff and his wife wanted to invest in certain stock upon which they had previously lost a large sum of money.  At the time of this transaction plaintiff, according to his own admissions, had two thousand dollars on deposit in a bank in an eastern state and two thousand dollars in his safe deposit box in San Francisco.  Evidently the court did not fully credit the testimony regarding the reason for the deed to Green, because the finding on this subject was that the deed to Green was in furtherance of a plan for ''the transfer of the record title out of the name of Marvie B. Hitchcock and into the name of plaintiff.''  It may well have been that upon further consideration of the testimony the court, after the argument of the motion for a new trial, felt that the testimony offered by plaintiff on the issue of the character of the land as community property was not entitled to the weight previously accorded it.

It follows from the foregoing discussion that there was a substantial conflict in the evidence and that, in accordance

with the well-known principles of law governing this subject, the order granting a new trial must stand.

The order is affirmed.

Shaw, J., Lawlor, J., Sloss, J., and Angellotti, C. J., concurred.

Rehearing denied.