## NATIONAL LIFE & ACCIDENT INS CO v FRANGAKIS

Ohio Appeals, 1st Dist, Butler Co

No 642. Decided Jan 16, 1935

Maxwell Finkleman, Middletown, and E. H. Dell, Middletown, for the motion.

John D. Andrews, Hamilton, and W. Donald Hall, Cincinnati, contra.

### OPINION

By HAMILTON, PJ.

The question before this court is on a motion to strike from the files the entry made in the above entitled action on the 14th day of November, 1934, staying execution herein, and to strike the supersedeas bond from the files.

It appears that the defendant in error Frangakis secured a judgment in the Court of Common Pleas of Butler County against the Insurance Company, plaintiff in error here. No petition in error from that judgment was filed in Butler County. It appears that the defendant filed a petition in error to the Court of Appeals in Hamilton County, Ohio, and summons was issued thereon. A stay bond was given in Butler County, staying execution on the judgment. The time has long since passed for filing a petition in error to the Court of Appeals in Butler County.

Counsel for the Insurance Company argues that since the Court of Appeals is a District Court, a petition in error might be filed any place within the district, and the company was not limited to the filing of the petition in error in the county where the judgment sought to be reviewed was ob-

tained, in this case, Butler county. The proposition on behalf of the Insurance Company that the petition in error would be good if filed in any county in the district, outside of the county wherein the judgment sought to be reviewed was obtained is untenable. While the Court of Appeals is a District Court, it is so designated for the reason the district is made up of five counties, and those counties are designated, giving the court jurisdiction in all the counties of the district. While the law does not in terms designate the court as the "Court of Appeals in and for Butler County", or other county as the case may be, the procedure provided in the statute clearly indicates that the proceedings for review must be undertaken in the county wherein the judgment arose. In this case, the law suit arose in and was determined by the Court of Common Pleas of Butler County, and it is a Butler County Court of Common Pleas case.

Sec 1517, GC, provides for the term of the Court of Appeals in each county in each year, and it is mandatory to hold at least one session of court in each county in the year.

The law provides that the Clerk of the Courts of each of the several counties shall be the clerk of the Court of Appeals of such county.

Sec 1518, GC, provides for the fixing of the time of the commencement of each term of the Court of Appeals in each county, by issuing an order to the Clerk of the Court in each of the counties, and delivering a copy thereof to the Secretary of State.

Sec 1519, GC, provides that such Clerk of the Court of Appeals shall enter the order fixing the term on its journal and cause a copy of the order to be published in one or more newspapers.

Sec 1525, GC, provides: "If there is a failure to hold a prescribed term of Court of Appeals in a county, * * * the judges of the Court of Appeals shall appoint and hold a term therein, at as early a period thereafter as is practicable."

Enough has been cited from the Code to show that the procedure from a judgment obtained in the Court of Common Pleas of a certain county must be perfected in such county.

The filing of the petition in error in Hamilton County was therefore a nullity and is of no effect. The motion to strike is granted.

ROSS, J, concurs.