[Civ. No. 10325.   Second Appellate District, Division One.—November 1, 1935.]

CITY OF SIGNAL HILL (a Municipal Corporation), Respondent, v. HARRY J. WYSE, Appellant.

Minor Blythe for Appellant.

E. P. Mulholland for Respondent.

EDMONDS, J., *pro tem.*—This appeal by the defendant in a condemnation action has been taken upon the judgment roll alone. The principal question presented concerns the sufficiency of the findings of the trial court.

The complaint, in which appellant is the sole defendant named, alleged the facts on which the city based its right to take the one parcel of land owned by him upon payment of its value. Appellant in his answer admitted his ownership of the land and alleged it to be of the reasonable value of $10,000. The trial court made a finding "that the total compensation proper to be paid to the defendant, Harry J. Wyse, herein for the taking of his interest in said parcel of land is the sum of Three Thousand Dollars ($3,000.00) with interest", less certain amounts to be deducted for street bonds outstanding against the property. It is contended that this finding does not fix the value of the property.

█ It is a rule of law that any uncertainties or ambiguities in findings must be construed, if possible, so as to support the judgment. (*Hambright & Walsh Co.* v. *Provident Pledge Corp.*, 25 Cal. App. 600, 602 [144 Pac. 971].) Also, "upon an appeal from the judgment, upon the judgment-roll alone, the language of the findings is to be given the broadest possible meaning, whenever it is necessary to do so in order to support the judgment". (*Bell* v. *Adams*, 150 Cal. 772, 775 [90 Pac. 118].) █ Applying these principles, the finding criticized is sufficient to uphold the judgment. The only issue raised by the pleadings was the value of the property sought to be taken. The court found appellant to be the sole owner in fee of the property, and that he suffered no damage by reason of severance. It also found the amount of "compensation proper to be paid" therefor. To hold that this finding is not equivalent to one using the words "value" or "market value", would, in view of the other findings in the case, not only be placing a forced construction upon the language, but would also determine that the provisions of the Constitution were ignored by the trial court. The Constitution provides that: "Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner." (Art. I, sec. 14.) The "compensation" fixed by the findings must be deemed

to be that required by the Constitution to be paid to the owner.

■ Appellant also complains because the trial court did not make a finding as to the facts constituting the basis of determining the value of the property. "It has been frequently observed that findings should be of ultimate facts, and that it is unnecessary to state the probative or evidentiary facts, for a finding of ultimate facts includes a finding of all of the probative facts necessary to sustain it." (24 Cal. Jur. 968.)

■ The point is also made that the court found the value of the property upon insufficient evidence, because there was no testimony introduced concerning the substructure of the land. If there were any merit in this point, it cannot be considered on an appeal on the judgment roll alone.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.