[Civ. No. 10885. Second Appellate District, Division Two.—March 27, 1936.]

J. W. HUDSON et al., Appellants, v. ANNA. E. BECKER et al., Respondents.

A. P. G. Steffes, Holbrook, Taylor, Tarr & Reed and Joseph D. Taylor for Appellants.

Lobdell & Watt and Harold L. Watt for Respondents.

CRAIL, P. J.—This is an appeal from a judgment against the plaintiffs in an action brought against the defendants for the purpose of quieting title to certain real property. At one

time the defendants owned the property and during the period of their ownership executed a promissory note and a mortgage securing the same in favor of a Los Angeles bank. Thereafter they sold the property to F. O. Paige and wife, who executed a promissory note and a second trust deed upon the property in favor of defendants. The trust deed was junior and subject to the mortgage. Thereafter the Paiges conveyed the property to the plaintiffs subject to the first mortgage and subject also to the second trust deed which the plaintiffs assumed and agreed to pay. Thereafter and on August 10, 1932, an instalment of principal in the amount of $750 became due upon the first mortgage note. The plaintiffs asked the bank for an extension of time within which to make the payment. The bank refused to grant an extension, and thereupon the plaintiffs made a payment of $250 and said that they were not able to pay the entire balance then due, but that they expected to pay the balance shortly. Viewing the evidence in the light most favorable to the prevailing party, which it is our duty to do, there was no extension of time given to the plaintiffs and no waiver of the default. On the contrary, the bank forthwith notified the defendants of the default. Thereafter the defendants wrote a letter to the plaintiffs informing them of their default, i. e., that the $500 had not been paid when due and advised them that unless this balance was paid it was the defendants' intention to exercise the option reserved in the second trust deed to declare all sums secured thereby immediately due and payable. The defendants waited a week and then, in order to protect their second lien, went to the bank and paid the $500 which was in default, together with interest thereon, and thereupon they went to the trustee under their second trust deed and executed ''a declaration of default and election to sell and instructions to the trustee''. After the notice of default and election to sell had been recorded the usual and legal notices of sale were given and thereafter the trustee sold the property at public sale, defendants being the purchasers, and the trustee under the trust executed and delivered to defendants a deed conveying the real property to them.

The plaintiffs contend ''that the trustee's sale was invalid and that the defendants acquired no title . . . First, because there was no default on the first mortgage held by the Security Bank and consequently no justification for making the

advance and no obligation to repay it. Second, because, assuming there had been a default under the first mortgage and a justification for making the advance, there had been no such failure to repay the advance as to constitute a default under the second trust deed. Third, because the defendant, by her conduct in noticing default and election to sell without giving the plaintiffs opportunity to repay the advance made, prevented the plaintiffs from meeting any obligation to repay the advance which may have existed and thus caused the default by the plaintiffs." Fourth, "the judgment must be reversed for a failure to find specifically that the Security Bank had waived any default which may have existed."

■ With regard to the plaintiffs' first contention that there was no default on the first mortgage, it is apparent from what we have said that plaintiffs were in default in not paying the $500 which had become due. In this regard the plaintiffs claim that there was no default because the bank had waived the default. We are satisfied that there is substantial evidence in the record to sustain the implied finding that there was no such waiver. ■ In this behalf it should be observed that the more important question is whether a default existed in the performance of the covenants of the second trust deed, for the reason that it was this trust deed which plaintiffs had assumed and which ran in favor of the defendants and it was this trust deed which was foreclosed.

By the terms of this second trust deed the plaintiffs agreed to pay *when due* all encumbrances which appeared to be liens or charges upon the said property or any part thereof prior to this deed of trust; that should they fail or refuse to make any such payments, then the defendants might, without notice to or demand upon plaintiffs and without releasing plaintiffs from any obligation thereof, make such payments in such manner and to such extent as might be deemed necessary to protect the security of their deed of trust; also to pay without demand all sums expended by the defendants under the terms thereof; and that, should default be made by the plaintiffs in the performance of any of their obligations therein contained, then the defendants might declare all sums secured thereby immediately due by the execution and delivery to the trustee of a written declaration of default and demand for sale, whereupon all sums secured thereby should become and be immediately due and payable. It is apparent from an

examination of the contract itself that the bank was not in a position to alter or change the rights of the defendants by waiving a default of the plaintiffs, even if it had waived the default as to itself, which it did not. It is apparent from what we have said that there was a default under the terms of the second trust deed.

The plaintiffs' third contention, that it was the defendants who caused the default by the plaintiffs because of their conduct in noticing default and election to sell without giving the plaintiffs opportunity to pay the advance made, is without merit on its face. The plaintiffs were in default before the defendants took any part in the transaction. Their activities were merely in an effort to protect themselves from plaintiffs' default. From August 10, 1932, to February 1, 1933, the date of the sale, the plaintiffs had ample opportunity to perform their covenants and cure the default. There exists in the case no element of fraud, deceit or inadequacy of consideration.

With regard to the plaintiffs' contention that the judgment must be reversed because the trial court failed to find specifically that the bank had waived the default and because such finding, if made, must have been in favor of the plaintiffs, there are two answers: First, we have already said that there was substantial evidence that the default had not been waived; second, there was no allegation in the pleadings that the bank had waived the default and there was no issue in the pleadings with regard to the matter. The plaintiffs' complaint was the ordinary action to quiet title. The defendants set up an affirmative defense that they were the owners of the property. The issue as to waiver of the default arose merely in the evidence at the trial. Ordinarily, the findings of fact are sufficient if they follow the language of the pleadings. (*Dam* v. *Zink*, 112 Cal. 91 [44 Pac. 331]; *Vasey* v. *Campbell*, 4 Cal. App. 451 [88 Pac. 509]; *Biurrun* v. *Elizalde*, 75 Cal. App. 44 [242 Pac. 109]; also, see cases collected in 24 Cal. Jur. 984.) Ownership of the property by the defendants was the ultimate fact which was alleged in the answer and which was set forth in the findings. (*Hitchcock* v. *Rooney*, 171 Cal. 285 [152 Pac. 913]; *Hannah* v. *Canty*, 175 Cal. 763 [167 Pac. 373].) Plaintiff should remember that in reviewing the sufficiency of the findings to support a judgment, regard will be had to the ultimate facts and not to mere

probative facts. (2 Cal. Jur. 872, and cases cited in Ten-Year Supp.)

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.