[Civ. No. 18657.   Second Dist., Div. One.   Jan. 30, 1952.]

HARRIET FRANK, Appellant, v. RUTH HOWICH, Respondent.

Marvin A. Burnett for Appellant.

Hanna & Morton and John H. Blake for Respondent.

DRAPEAU, J.—Defendant, Ruth Howich, leased a duplex apartment in her house to plaintiff, Harriet Frank. The lease was for three years, commencing April 20, 1948, and for a rental of $225 a month. The amount of rent was agreed upon at the suggestion of Mrs. Frank in consideration of the three-year term granted to her in the lease. When the lease was executed Mrs. Frank paid the rent for the first month, and the further sum of $675.

After Mrs. Frank had paid Mrs. Howich $3,350 under the lease, she learned that the premises had become "controlled" under the Federal Housing and Rent Act of 1947, as amended in 1948 (50 U.S.C.A. App., § 1881 et seq.; F.C.A., title 50 App. 94, § 205), and that, effective April 1, 1949, the rent ceiling of her duplex apartment was $80 per month. This "ceiling" was later raised to $90 per month.

Mrs. Howich had no information at the time of making the lease, or thereafter until her tenant sued her, that the rental payments were unlawful.

Mrs. Frank brought this action against Mrs. Howich, and demanded treble damages for overpayments of rent, together with $1,000 counsel fees—a total of $11,050.

Mrs. Howich answered, denying the intent to violate the law which is required under the terms of the statute before

treble damages may be adjudged; and, by way of cross-complaint alleged and prayed for damages for waste and damage to the premises.

The trial court found that the housing and renting act did apply during portions of the tenancy, but that defendant's violation of it was neither wilful nor the result of failure to take practicable precautions against the occurrence thereof, and, therefore, that treble damages should not be allowed; that there was a balance due of $1,160 in this respect from the defendant to the tenant, and that $300 was a fair allowance for plaintiff's counsel fees. The court further found that $225 per month was the reasonable value of the use of the premises after the termination of the lease, and that after rent control ended the rental provisions of the lease governed the rights of the parties. The court refused to direct recovery of the $675 paid upon the execution of the lease, and found that it was additional consideration for the lease. The court also found that plaintiff had committed waste and damage to the premises in the amount of $400. Finally, taking into account all of the foregoing items, except the one for $675, the court found that there was a balance due from defendant to plaintiff of $340.

Plaintiff appeals from portions of the judgment which followed. She contends that the $675 paid at the beginning of the lease was a security deposit, subject to recovery under the provisions of the federal law; that the evidence was insufficient to support the finding that the overcharges were not wilful and not a result of defendant's failure to take practicable precautions as provided in the law; that the trial court's failure to "specifically allocate the damage between the various items of waste" was error; and that there was "a fatal variance between the findings of fact and the judgment with regard to an item of repairs . . . in the sum of $41.50."

In the briefs it is conceded, at least tacitly, that the federal law is applicable to the parties to this action (*Lovett* v. *Bell*, 30 Cal.2d 8 [180 P.2d 335]). But it may not be amiss for this court to express the hope that this is the last case of this type to come before us. Here we have an example of the fact that injustice may be inflicted upon one citizen by another under a law conceived to be necessary during the stresses of the second world war. Here, years after the last shot was fired in that war, a plaintiff is given an arbitrary and capricious cause of action against a defendant. Here we witness government restraining one of its citizens while another, under

sanction of law, takes his money away from him, together with attorney's fees; and, not satisfied with that, demands treble damages besides.

There is ample evidence to sustain all of the findings. No error appears in the allocation of the several items of damages. ■ All that is necessary is to find the ultimate fact. (*Hudson v. Becker*, 12 Cal.App.2d 743 [56 P.2d 249]; *City of Signal Hill* v. *Wyse*, 9 Cal.App.2d 641 [50 P.2d 1076].) Indeed, the trial court was more than fair with plaintiff, for the premises were seriously and wantonly damaged during her tenancy.

There was no fatal variance between the findings and the judgment. And it was proper to find and to adjudge that the $675 payment was not a security deposit subject to recovery under the terms of the statute. When the lease was made the law did not affect defendant's property. The property became subject to control because of an amendment to the law, effective April 1, 1949. The evidence supports the finding that the $675 was additional consideration for the execution of the lease, and the law supports the holding. (*Grand Central Public Market* v. *Kojima*, 11 Cal.App.2d 712 [54 P.2d 786].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 18, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 27, 1952.