241 P.2d 1054]

[Civ. No. 18870.   Second Dist., Div. Three.   Mar. 24, 1952.]

HAYWARD LUMBER AND INVESTMENT COMPANY (a Corporation), Appellant, v. CONSTRUCTION PRODUCTS CORPORATION (a Corporation), Respondent.

Philip T. Lyons for Appellant.

Larwill & Wolfe for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendant in an action for unlawful detainer.

The court found that: On November 1, 1948, plaintiff leased certain premises to defendant under the terms of a written lease; it is untrue that the lease expired on December 31, 1950, and it is untrue that defendant has unlawfully detained the property; on December 29, 1950, defendant "was entitled to exercise the option hereinafter mentioned and that on or about said date defendant gave to plaintiff a written notice of the exercise of defendant's option to renew and extend the said lease agreement from and after December 31, 1950 and to and including December 31, 1951, said option having been given by plaintiff to defendant as one of the provisions of the said written lease"; the notice of the exercise of the option was a good and sufficient notice to renew and extend the lease, and by said written notice defendant did renew and extend the lease from January 1, 1951, to and including December 31, 1951, except as to the amount of monthly rental to be paid, which monthly rental was to be fixed and agreed upon by the parties as provided in the lease. Judgment was for defendant.

The sole question presented is whether the finding that defendant was "entitled to exercise the option" is a finding of fact or a conclusion of law. Appellant asserts it is a conclusion of law, that the court thus failed to make findings on a material issue presented by the evidence, to wit, whether defendant had performed the necessary conditions precedent prior to exercising the option, and, therefore, the findings do not support the judgment.

The distinction between an ultimate fact and a conclusion of fact on the one hand, and a conclusion of law on the other, is not an easy one to draw. The finding of an ultimate fact usually, if not always, involves one or more conclusions. The rule which requires findings of facts does not require the finding of evidentiary facts but only that ultimate facts be found; it does not exclude conclusions of facts but only conclusions of law. (*Cf. Estate of Bixler*, 194 Cal. 585, 589-590 [229 P. 704]; *Lewis* v. *Beeks*, 88 Cal. App.2d 511, 521 [199 P.2d 413]; *Green* v. *Darling*, 73 Cal. App. 700, 703 [239 P. 70]; *Lester* v. *Beer*, 74 Cal.App.2d Supp. 984, 989 [168 P.2d 998].) Whether a finding is one of an ultimate fact or a conclusion of law depends on the nature of the evidence. "If, from the facts in evidence, the result can be reached by that process of natural reasoning adopted in the investigation of truth, it becomes an ultimate fact, to be found as such. If, on the other hand, resort must be had to the artificial processes of the law, in order to reach a final determination, the result is a conclusion of law." (*Levins* v. *Rovegno*, 71 Cal. 273, 278 [12 P. 161]; *Wendt* v. *Gates*, 102 Cal.App. 342, 343-344 [283 P. 312]; *Palmer* v. *Fix*, 104 Cal.App. 562, 567 [286 P. 498]; *Rhode* v. *Bartholomew*, 94 Cal.App.2d 272, 279 [210 P.2d 768]; 24 Cal.Jur. 927, § 177.) "Ultimate facts are the logical conclusions deduced from certain primary facts evidentiary in character." (*Rhode* v. *Bartholomew, supra,* p. 279.)

In *Palmer* v. *Fix, supra,* 104 Cal.App. 562, the court held that a finding that defendants "are not entitled to any commission on the sale of any goods, wares or merchandise of the plaintiffs" after the date the contract was cancelled, was a finding of fact and not a conclusion of law, and that it was not necessary for the court to give its reason for the finding since it was an ultimate fact and the evidence given at the trial furnished the reason therefor. The following have been held to be findings of ultimate facts: "plaintiffs became indebted to the insurance companies for the payment of such premiums" (*Nisbet* v. *Rhinehart*, 2 Cal.2d 477, 482 [42 P.2d 71]); "plaintiff had no prescriptive or other right to receive water from said canal at any other level than the bottom of said canal" (*Weidenmueller* v. *Stearns Ranchos Co.*, 128 Cal. 623, 625-626 [61 P. 374]); "plaintiff did not rescind said sales" (*Hollenbach* v. *Schnabel*, 101 Cal. 312, 317 [35 P. 872, 40 Am.St.Rep. 57]); "plaintiff was not the

owner" (*Daly* v. *Sorocco*, 80 Cal. 367, 368 [22 P. 211]);
a guaranty "was executed and delivered without any consideration" (*Rusk* v. *Johnston*, 18 Cal.App.2d 408, 409 [63 P.2d 1167]); "Elizabeth Zink has 'no right, title, interest, claim, or *lien* of, in or to or against any of the land or premises . . .' " (*Dam* v. *Zink*, 112 Cal. 91, 93 [44 P. 331]). (For further illustrations, see 24 Cal. Jur. 928, § 178.)

█ One of the issues at the trial was whether defendant had, prior to the exercise of the option, "currently complied with all of the provisions" of a specified paragraph of the lease and was not delinquent on any payments due plaintiff thereunder, and was "not delinquent on payments of any kind whatsoever" due plaintiff. There was a decided conflict in the evidence, defendant maintaining it had a credit balance, plaintiff maintaining defendant was in default. In determining this issue in favor of defendant the court necessarily and impliedly found from the evidence before it that defendant had performed the necessary conditions precedent and, therefore, was entitled to exercise the option. The finding that defendant was entitled to exercise the option was an ultimate fact since it was a logical conclusion deduced from the evidence that defendant had performed the necessary conditions precedent. The evidence before the court furnishes the reason for the ultimate fact. The findings support the judgment.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.