[Civ. No. 20025. Second Dist., Div. Two. June 17, 1954.]

EMMA AMBROZ, Respondent, v. PAULINE KLYNG
IRELAND, Appellant.

George E. Atkinson, Jr., and John W. Pares for Appellant.

Malcolm E. Uptegraff and Joseph B. Murphy for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in an action to recover wages under section 1194 of the Labor Code, after trial before the court without a jury, defendant appeals.*

---

*Section 1194 of the Labor Code reads:

''Recovery of unpaid balance of full amount of minimum wage. Any woman or minor receiving less than the legal minimum wage applicable to such woman or minor is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with costs of suit, notwithstanding any agreement to work for a lesser wage.''

*Facts*: Plaintiff filed an action for wages under section 1194 of the Labor Code alleging nonpayment for straight time work performed for her first cause of action and requesting double time penalty as provided for in section 28 of the Industrial Welfare Commission Order No. 5R. For her second cause of action plaintiff alleged that she "worked for defendant ten (10) hours a day, seven (7) days a week."

This allegation defendant denied. The trial court gave judgment in favor of plaintiff for the sum of $1,425.09.

 *Question*: *Did the trial court make findings on all the material issues raised by the pleadings?*

*Yes.* One of the issues raised by the pleadings was: "How many hours per day did respondent actually work for appellant during the some thirty months in question?"

Defendant contends that there is no finding upon this issue. This contention is not supported by the record. The trial court found: "That it is true that between the 10th day of June, 1949, and the 11th day of November, 1951, the defendant, Pauline Klyng Ireland, became indebted to the plaintiff in the sum of $1,425.09, on account of work, labor, and services performed for the said defendant by virtue of Section 1194 of the California Labor Code and Sections 4 and 9 of Industrial Welfare Commission Order No. 5R."

Section 4 of the Industrial Welfare Commission Order No. 5R reads in part as follows: "Every employer shall pay each woman or minor employee not less than sixty-five cents (65¢) per hour for all hours worked . . ."

Thus it is evident that dividing the sum of $1,425.09, the amount the trial court found defendant was indebted to plaintiff, by 65 cents per hour, the minimum wage to which plaintiff was entitled, the quotient is the total number of hours plaintiff worked for defendant for which she was not compensated.

 It is the law that findings should be (a) reconciled, (b) every inference drawn therefrom, and (c) uncertainties and ambiguities construed, if possible, so as to support the judgment. (*Chamberlain* v. *Abeles*, 88 Cal.App.2d 291, 299 [8 & 9] [198 P.2d 927]; *Signal Hill* v. *Wyse*, 9 Cal.App.2d 641, 642 [1] [50 P.2d 1076]; *Hartford* v. *Pacific Motor Trucking Co.*, 16 Cal.App.2d 378, 381 [3] [60 P.2d 476].)

 It is evident that in construing the trial court's findings pursuant to the foregoing rule the total number of hours paid for and the total amount of hours not compensated

for gives the total number of hours worked during the 30 months in question. This is predicated upon the reasonably implied finding of the trial court that plaintiff worked 48 hours a week for defendant.

No other questions being presented, the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.